Day *et al. vs.* The State of Georgia.

|  |  |
|---|---|
| 63 | 667 |
| 88 | 54 |
| 63 | 667 |
| 94 | 367 |
| 63 | 667 |
| f106 | 520 |
| 106 | 521 |
| 106 | 522 |
| 63 | 667 |
| 107 | 709 |
| 63 | 667 |
| e121 | 157 |

1. It was error for the court to charge that the statement of the defendant in criminal cases "and in this case," is not sufficient, as a general rule, to overcome the testimony of a sworn credible witness. The jury should be left free to give to the statement in the case on trial such credence as they might think proper.
2. Evidence that a witness forcibly placed defendant's foot in certain tracks near the scene of the burglary, and that they were of the same size, is not admissible. A defendant cannot be compelled to criminate himself by acts or words.

42

Criminal law.   Charge of Court.   Evidence.   Before Judge SPEER.   Upson Superior Court.   May Term, 1879.

Reported in the decision.

J. A. HUNT ; J. Y. ALLEN, for plaintiffs in error.

F. D. DISMUKE, solicitor-general, by JOHN I. HALL ; M. H. SANDWICH, for the state.

WARNER, Chief Justice.

The defendants, Whit Day and Jesse Slayton, were jointly indicted for the offense of burglary in the night-time.   They severed on their trial and both were found guilty.   A motion was made for a new trial in both cases on the grounds therein stated, which was overruled, and the defendants excepted   Both cases were argued together here.

1. The evidence mainly relied on for the conviction of the defendants was certain tracks, which were similar to those made by the defendants, found near where the burglary was alleged to have been committed.   The defendant, Day, made his statement to the jury as authorized by the statute.   The court charged the jury that the statement of the defendant in criminal cases " and in this case" is not sufficient, as a general rule, to overcome the testimony of a sworn, credible witness.   This charge of the court was error, inasmuch as the effect of it was to withdraw from the consideration of the jury the effect which they might have thought proper to have given to the defendant's statement " in this case."

2. Allen, a witness for the state, testified in relation to Slayton, the other defendant, that he was stubborn, did not want to put his foot in the track ; said he was innocent of the charge.   Witness took hold of him and pulled him along, and then he put his foot in the track.   The first time witness told him to put his foot in the track defendant re-

fused.    Witness then took hold of his foot and put it in the· track ; he did not consent to it.    The shoe fitted the track. This evidence was objected to by the defendant, the objection was overruled, and that is one of the errors assigned. By the constitution of this state "no person shall be com-pelled to give testimony tending in any manner to crimi-nate himself."   Nor can one, by force, compel another, against his consent, to put his foot in a shoe-track for the· purpose of using it as evidence against him on the criminal. side of· the court, the more especially when the person. using such force has no lawful warrant or authority for· doing so.    Let the judgment of the court below in both, cases be reversed..