## ELDER *v.* THE STATE.

1. The court erred in admitting in evidence the testimony of certain witnesses for the State, to the effect that the foot of the accused fitted certain tracks, the conformability of the defendant's foot to the tracks being material evidence in the case. The admission of this evidence violated the constitutional guaranty that no person shall be compelled to give testimony tending in any manner to criminate himself, as, under the circumstances, the placing of his foot in the tracks by the defendant was not voluntary; for, though no physical force was used in placing the foot in the track, the defendant at the time was in the custody of the sheriff and handcuffed and surrounded by companions of the sheriff, and the command from the sheriff, directing the prisoner to put his foot in the tracks, was virtual coercion.
2. "Whether subsequent confessions, of themselves wholly unexceptionable, were made under previous influences still operating on the mind, is a question not of law for the court but of fact for the jury."
3. There was no merit in the exceptions to the charge.
4. The ground of the motion for a new trial complaining of the overruling of the motion for a mistrial, made during the trial and based upon certain alleged misconduct of a spectator present at the trial, which was claimed to be prejudicial to the accused, is not passed upon, as it is not probable that such an incident will happen at the next trial.

APRIL 17, 1915.

Indictment for murder. Before Judge Park. Morgan superior court. September 21, 1914.

*Calvin George* and *Middlebrooks & Burruss,* for plaintiff in error.

*Warren Grice,* attorney-general, *J. E. Pottle,* solicitor-general, and *A. L. Henson,* contra.

BECK, J. Jim Elder was indicted for the murder of Charlie Weaver. The jury returned a verdict of guilty, and the accused

made a motion for a new trial, which having been overruled, he excepted.

1. One ground of the motion for a new trial complains of the admission in evidence of testimony of certain witnesses for the State, who gave evidence tending to show that when the accused put his foot in certain tracks his foot fitted the tracks. This was very material evidence in the case, as the tracks led from a field near a house in which the decedent was killed to the house of the accused, and there was some evidence tending to show that an effort had been made to obliterate these tracks. One or more witnesses for the State who saw the accused place his foot in the tracks testified that he did it voluntarily. But the statement that he did it voluntarily was a mere conclusion of the witness. The facts and circumstances do not justify this conclusion. The accused was in charge of the sheriff and certain other persons when he was brought to the place where the tracks were under examination. He was under arrest and handcuffed. According to the evidence he had the appearance of a man who was scared. He did not, until commanded to do so, approach the tracks and put his foot in them. He did this only when the sheriff, who had him in custody, whose command he would not have dared to disobey under the circumstances, bade him in peremptory terms to put his foot in the tracks. It is true the sheriff says that he did not try to persuade him to do this and that he did not threaten him, but the facts stand that this officer, who had a badly frightened man in his custody, said to him, "Put your foot in that track;" and then the conformability of the foot to the track was testified to by the witnesses for the State on the trial. Under the ruling in the case of *Day* v. *State,* 63 *Ga.* 667, which is followed in *Evans* v. *State,* 106 *Ga.* 519 (32 S. E. 659, 71 Am. St. R. 276), the evidence as to the foot of the accused fitting the track should have been excluded upon objection being made thereto under the provision of the constitution of this State, which declares that "No person shall be compelled to give testimony tending in any manner to criminate himself." We have not overlooked the fact that in the case of *Day* v. *State* it appears that actual physical force was used to put the foot of the accused in the track with which it was sought to compare his foot. But we think in the present case, under the circumstances, there was such a show of force as amounted to the actual use of force and to coercion.

If the accused in this case had been assured by the officer having him in charge or by some member of the posse that he was in no danger, and had been asked if he was willing to put his foot in the track, and then, under this assurance that no harm was threatening him, he had consented and voluntarily placed his foot in the tracks, the conformability of the foot to the tracks might have been testified to on the trial; but in the interest of justice, we think that the evidence gotten by the means and under the circumstances shown to exist at the time should have been excluded; and as it was not excluded, the case should be remanded for another trial.

2. The accused in this case made a confession to certain named persons under circumstances that clearly rendered it inadmissible in evidence, and the court properly excluded that confession. But another confession was made subsequently (as we infer from other facts appearing in the record, though this is not perfectly clear) to the confession which was improperly secured, and apparently this latter confession was freely and voluntarily made. No threats of harm were uttered against the accused, no show of force equivalent thereto, no promises were held out to him, and nothing was done at the time of making the last confession to induce the prisoner to make it. Evidence of this confession was objected to, however, on the ground that hope of being benefited having been previously held out to the defendant at the time when he made the first confession, it was still operative at the time when he made the other confession, and influenced the accused to make it, and that the second confession as well as the first fell within the inhibition of the statute making incompetent evidence of confessions obtained by fear of punishment or hope of reward. But we are of opinion that evidence of the last confession in this case should have gone to the jury so that they could pass upon the question, under proper instruction from the court, whether the last confession was freely and voluntarily made. This is in effect the ruling in the case of *Milner* v. *State,* 124 *Ga.* 86 (52 S. E. 302), which follows the ruling in *Pines* v. *State,* 21 *Ga.* 227.

3. There was no merit in the exceptions to the charge of the court.

There were numerous other grounds of the motion for a new trial relating to the admission of evidence which the plaintiff in error contends should have been excluded; but as the grounds of the

motion do not show what objections, if any, were urged at the time of the offering of the evidence, no question is raised for determination by this court.

4. The ground of the motion for a new trial complaining of the overruling of the motion for a mistrial, made during the trial and based upon certain alleged misconduct of a spectator present at the trial, which was claimed to be prejudicial to the accused, is not passed upon, as it is not probable that such an incident will happen at the next trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*