## 33804. ANTHONY *v.* THE STATE.

DECIDED DECEMBER 5, 1951.

120

*Leward Hightower, Guy R. Dunn,* for plaintiff in error.
*John J. Flynt Jr., Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Since error is not assigned on the admission into evidence of the fingerprint reproductions it will not be considered here, although, on the subject of similarity of name being prima facie evidence of identity, see *Vann* v. *State,* 72 *Ga. App.* 301 (33 S. E. 2d, 742); *Mills* v. *State,* 71 *Ga. App.* 353 (4) (30 S. E. 2d, 824).

As stated in Moon *v.* State, 22 Ariz. 418 (198 Pac. 288, 16 A. L. R. 362), "It seems well settled both in England and in this country that evidence of correspondence of fingerprint impressions for the purpose of identification, when introduced by qualified fingerprint experts, is admissible in criminal cases, the weight and value of such testimony being a question for the jury." See also People *v.* Jennings, 252 Ill. 534 (96 N. E. 1077, 43 L. R. A. (N. S.) 1206); State *v.* Cerciello, 86 N. J. L. 309 (90 Atl. 1112); People *v.* Roach, 215 N. Y. 602 (109 N. E. 618); State *v.* Connors, 87 N. J. L. 419 (94 Atl. 812). "To warrant a conviction, however, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed." 16 A. L. R. (Note), 370. The mere finding of the defendant's fingerprints on a window which has been broken to gain access to the house, when there are other fingerprints on the window, and where those in question could have been lawfully made by the defendant, the window being so situated as to make it accessible to the public generally, is not sufficient to form the basis of a conviction.

Here it is not shown whether or not there were other fingerprints than those of the defendant on the money box of the pinball machine. There is no testimony as to exactly where the money box is located on the machine. It is not shown whether the fingerprints were on the inside or the outside of the money box. From the evidence, therefore, we are unable to determine whether this fingerprint could only have been impressed at the time the crime was committed. The pinball machine was located in a place of business where the public are invited. It is common knowledge that the operation of a pinball machine in a public cafe or place of business contemplates its accessibility to the public generally. Also, when such machine is being played by members of the public their hands will be placed on it. If the money box was so located that the hand of a person playing the machine would likely be placed on it, and if this fingerprint was on the outside of the money box, it could have been impressed thereon at a time other than when the crime was committed.

The defendant in his statement denied committing the crime and sought to establish an alibi. The evidence is silent as to whether the defendant had, at some time or other prior to the commission of the crime, played the machine. It follows, therefore, that while the evidence is sufficient prima facie to establish that the fingerprint found on the money box of the pinball machine was that of the defendant (see *Vann* v. *State,* supra; *Mills* v. *State,* supra), yet it is not sufficient to show that the fingerprint "could only have been impressed at the time when the crime was committed." The fingerprint found on the money box of the music machine is not identified as that of the defendant. The State in this case relies for conviction entirely upon circumstantial evidence, which is not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. The fingerprint relied upon is not used in corroboration of any other evidence against the defendant, but constitutes all of the evidence against him.

The trial court erred in overruling the motion for a new trial. *Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*