44279.   STOCKS v. THE STATE.

Argued February 4, 1969—Decided June 20, 1969.

*Margaret Hopkins,* for appellant.

*Lewis R. Slaton, District Attorney, J. Melvin England, Tony H. Hight,* for appellee.

DEEN, Judge. ■ Recent possession of stolen goods unexplained to the satisfaction of the jury and especially when accompanied by false statements as to the person from whom received, authorizes a conviction of larceny. *Scott v. State,* 119 Ga. 425 (46 SE 637). Each count of this indictment was supported by evidence.

■ The State tendered in evidence over objection convictions of one Fred Wyatt for the following offenses: misdemeanor, 1956; robbery, 1956; larceny of automobile, 1956; robbery, 1967. Wyatt was neither a co-indictee nor a witness in the case but remains a shadowy figure on the periphery of the investigation. The previous convictions of the absent Wyatt were utterly extraneous to any issue in the defendant's trial, and their admission was error.

■ There are a number of other enumerations of error, some of which have been abandoned, some on alleged incorrect instructions as to which no exception was taken and which the court does not believe sufficiently material to consider in the absence of objection; some to which page references are not supplied so that they may be properly identified, and others, including the motions for mistrial, which are not likely to recur. In connection with the grounds dealing with the testimony of witnesses as to photographs exhibited to them see *Shelton v. State,* 111 Ga. App. 351, 353 (141 SE2d 776) and *Cooper v. State,* 182 Ga. 42 (184 SE 716, 104 ALR 1309).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

DEEN, Judge, concurring specially. The following having been omitted from the opinion as originally written at the request of my brethren, but it being my opinion that the factual con-

tent is necessary to a complete understanding of the decision, I reproduce it here:

██ " 'Now, to prove in a criminal case that the defendant is a person of criminal bent of mind is not without probative value on the issue as to whether he committed the particular crime involved; for criminals are more likely to commit new crimes than are persons free from the taint of previous criminality. To prove that the defendant had committed other offenses would naturally cause the jury more readily to believe that the defendant committed the particular offense in question; and this from a logical standpoint would not be a misuse of the testimony. The real misuse is likely to come about . . . by reason of the danger of the jury's convicting the defendant "on general principles" as the common saying is, instead of determining his guilt of the specific offense for which he stands charged.' *Lee v. State*, 8 Ga. App. 413 (2), 416 (69 SE 310). A fortiori, to instruct the jury that such evidence is admitted for the sole purpose of showing intent or bent of mind is error where the evidence shows no more than a criminal disposition on the part of the defendant. The rule is that before evidence of another criminal act is admissible for the purpose of showing intent there must be some logical connection between the crimes so that proof of one tends to prove the existence of the other, and 'the appellate courts are without power to repeal it or destroy it by chiseling it away.' *Bacon v. State*, 209 Ga. 261, 263-264 (71 SE2d 615). There was evidence that the defendant offered both the truck and another vehicle for sale at the same time, and that when he attempted to obtain title registration the serial numbers of the vehicles were transposed. The court charged: 'Evidence of the defendant's conduct with reference to . . . similar transactions about the same time is admissible for the consideration of the jury insofar only as it might tend to illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate. . . If you believe that the defendant had had similar transactions you will bear in mind that in considering such evidence you are considering it solely with reference to the mental state or intent of the defendant insofar as the same illustrates the charges

embraced in this bill of indictment.' This evidence was relevant insofar as it bore on the defendant's difficulties in obtaining title registration which eventually led to his arrest but it was not admissible for the purpose of showing the defendant's larcenous state of mind and should not have been considered for that purpose.

■ Testimony concerning Fred Wyatt, whose record of previous convictions was erroneously admitted, came from State's witnesses and included statements that as a result of a conversation about the defendant's companions with Moore, owner of a used car lot, during which certain photographs were shown to Moore, the police were looking for Fred Wyatt in connection with the case; that they had not located Wyatt; that Wyatt's reputation was bad, and that the defendant had made contradictory statements to the officer about his possession of the red truck and another vehicle, and had at one point said he purchased them from Wyatt. ·Aside from the fact that the 1956 conviction had no probative value because too removed in point of time (*Brown v. State*, 109 Ga. App. 212 (135 SE2d 480)), they proved nothing except that the defendant was associating with a person of bad character. No testimony directly bearing on the theft of the vehicles was offered except the bare facts that they were stolen and that the defendant later sold them under questionable circumstances. If the defendant had been indicted for receiving stolen goods instead of for larceny, and if he had contended that he purchased the cars from Wyatt, the character of Wyatt would still not be admissible in evidence unless it were further shown that the defendant knew it was bad as a circumstance alerting him to the fact that the goods were stolen. And even if the defendant had been indicted for receiving stolen goods, and even if Wyatt had been indicted and convicted of the particular theft, Wyatt's conviction would not have been admissible for any other than the limited purpose of showing that the goods were stolen. *Thompson v. State*, 16 Ga. App. 832 (3) (84 SE 591). And even if Wyatt had been on trial, the convictions would not have been admissible against himself."