## 45412. MILLER v. THE STATE.

QUILLIAN, Judge. Defendant was indicted for burglary of the home of C. O. Moon in Fulton County. On the first trial, a mistrial was declared. On his subsequent trial the defendant was convicted and sentenced to seven years imprisonment. His motion for new trial was overruled and appeal was taken to this court. *Held:*

1. The defendant contends the evidence, which was circumstantial in nature, was insufficient to exclude every other reasonable hypothesis save that of his guilt. *Code* § 38-109.

Briefly summarized, the evidence adduced on the trial was as follows: The burglary occurred during a period of some four hours while Mrs. Moon was absent from her house. Entrance into the Moons' residence was gained by prizing the doors open. A screwdriver was found lying on the bed in the bedroom. According to testimony the screwdriver fitted the markings on the doors which were prized open. The "fresh, recent" fingerprints of the defendant, duly identified by the State's witness, were "lifted" from the screwdriver which neither belonged to nor had ever been seen by Mr. or Mrs. Moon.

"It seems well settled both in England and in this country that evidence of correspondence of fingerprint impressions for the purpose of identification, when introduced by qualified finger-

print experts, is admissible in criminal cases, the weight and value of such testimony being a question for the jury. . . 'To warrant a conviction, however, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed.'" *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150).

The proof here offered was sufficient to show that the screwdriver was not accessible to the public generally, that it was used in the commission of the crime and that to the exclusion of every reasonable hypothesis, the fingerprints could only have been impressed at the time the crime was committed. The grounds complaining of the sufficiency of the evidence are without merit. *Anderson v. State,* 120 Ga. App. 147 (169 SE2d 629).

2. There is no merit in the complaint made as to the admission of certain testimony where testimony of substantially the same nature was admitted without objection. *Smithey v. State,* 219 Ga. 247 (1) (132 SE2d 666); *Salisbury v. State,* 222 Ga. 549 (2) (150 SE2d 819).

3. The defendants contend that in ruling upon the admissibility of evidence the trial judge expressed or intimated what had been proved, contrary to *Code* § 81-1104. "It is not reversible error, under section 81-1104 of the Code, for the judge, in discussing with counsel the admissibility of testimony, the propriety of a nonsuit, the direction of a verdict, or similar matters in the progress of the trial, or in explaining his rulings upon questions of this nature, to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented or use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony." *Peters v. State,* 72 Ga. App. 157 (2) (33 SE2d 454). See *Hatcher v. State,* 8 Ga. App. 673 (70 SE 43); *Moon v. State,* 120 Ga. App. 141, 146 (169 SE2d 632); *Wright v. State,* 223 Ga. 849 (159 SE2d 76); *Pritchard v. State,* 225 Ga. 690 (1, 2) (171 SE2d 130).

Moreover, the defendant neither moved for a mistrial nor offered

objection to the alleged improper comment. Prejudicial questions or statements purportedly in violation of *Code* § 81-1104 are not reversible error in the absence of a motion for mistrial or other objection. *Pulliam v. State,* 196 Ga. 782 (6) (28 SE2d 139). See *Freedman v. Housing Authority,* 108 Ga. App. 418 (1a) (136 SE2d 544); *King v. State,* 121 Ga. App. 347 (3) (173 SE2d 746); *Shepherd v. State,* 203 Ga. 635 (2) (47 SE2d 860); *Calhoun v. State,* 210 Ga. 180 (3) (78 SE2d 425).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
SUBMITTED JUNE 1, 1970—DECIDED OCTOBER 2, 1970.

*Margaret Hopkins, James R. Venable, H. G. McBrayer,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Tony H. Hight,* for appellee.