## 45547. MOONEY v. THE STATE.

DEEN, Judge. 1. On trial of the defendant for burglary, testimony of the owner that all doors and windows were locked when she left the house, and that as to the carport door the inside door was locked with a key and the screen door unlocked, but that when she returned the screen door was locked and the inside door was standing open, plus proof that no authorized person had entered the house in the meantime, authorizes an inference of breaking under *Code* § 26-2401. There need be no physical violence done at the point of entry, and the breaking may consist of unlawfully unlocking a locked door. *Pritchett v. State,* 92 Ga. 33 (1) (18 SE 350).

2. The testimony about the event preceding the apprehension of the defendant is as follows: Mrs. Blake's residence was burglarized on January 22, 1968, and a valuable collection of Steuben glassware was taken from a cabinet the front glass of which

had been broken out. The glass in falling partially concealed a single piece, which was not taken. An investigating officer received a telephone call 28 days later and immediately went to an apartment occupied by Nichols. Mrs. Nichols let him in and turned over to him a container with the missing pieces of glassware carefully wrapped in newspaper bearing the caption "Atlanta Constitution" and dates of January 22 and 23. The officer then waited in his car and approximately 30 minutes later Mooney drove up with Nichols in the car and parked behind the house. The witness drove his car back of the Mooney vehicle to block it and then arrested the occupants. At the laboratory the glass was unwrapped, the witness tore off and kept the identifying names and dates on the newspaper, had each piece dusted, and found one latent fingerprint on the bottom of a vase. The print was lifted, sent to FBI files in Washington with the fingerprints of the defendant, and identified as a print of his left little finger. The witnesses involved were qualified as experts and sufficiently traced each stage in the identification of the print. The defendant made timely objection to the introduction of the fingerprints, the newspaper strips, and a photograph of the piece of glassware which had not been stolen.

(a) The fingerprint evidence in question is admissible.. See *Anderson v. State,* 120 Ga. App. 147 (4) (169 SE2d 629) and *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150).

(b) The objection to the introduction of the torn newspaper strips was that they were not the complete wrapping. Since they were introduced only for the purpose of showing that the glassware had been wrapped with paper dated the day of the burglary and the day afterward, and the newspaper was otherwise irrelevant to the issues being tried, the fact that the remaining parts of the paper were not in evidence was not prejudicial to the defendant.

(c) The piece of Steuben glassware which was overlooked was immaterial to the investigation and its admission in evidence, if error, was completely harmless.

3. It is obvious that the only evidence connecting this defendant with the theft of the glassware is his fingerprint on the retrieved vase. The defendant was sworn and testified that he

had visited the Nichols apartment earlier on the day of his arrest; that "Nichols was taking this stuff out of a box on his stoop, or back porch, or landing, into his kitchen, and putting it in a basket. When I arrived and greeted him on the stoop, or landing, or whatever, he had two, whatever these things are, pots, vases, one in each hand, and was taking them in the kitchen, and there was one piece left on the porch. He asked me to hand it to him and I did." To arrive at its verdict the jury necessarily disbelieved this explanation, inferred a prior possession of the glassware from the fingerprint, and inferred guilt of burglary from recent possession of stolen goods. Recent possession not explained to the jury's satisfaction and accompanied by contradictory statements on the part of the defendant as to the origin of his possession will support a conviction. *Stocks v. State,* 119 Ga. App. 837 (1) (168 SE2d 893). The State contends that the defendant did make contradictory statements in that he told the detective he had never seen the glassware before, but the objects were wrapped in paper and if the defendant was telling the truth he was unaware at that time that what he handed Nichols was the stolen merchandise.

The defendant relies heavily on *Anthony v. State,* 85 Ga. App. 119, 121, supra, where it was held that to warrant a conviction "the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed." This does not mean that a conviction can never be had where the fingerprints are on the article illegally possessed rather than on the premises from which it was taken. On a trial for receiving, concealing, buying and facilitating the transportation of narcotics the fingerprint of the defendant on the envelope containing the narcotics was held sufficient evidence for conviction although the envelope was found in the room of a co-defendant. United States v. Pisano, 193 F2d 361; Stoppelli v. United States, 183 F2d 391. In those cases the court held that the fingerprint constituted sufficient evidence of possession, and possession, of course, was the crime involved.

In the present case, however, the possession itself is but a circum-

stance from which the theft may be inferred. It must also be a "conscious" or knowing possession. *Cheatham v. State,* 57 Ga. App. 858, 860 (197 SE 70). Mooney's sworn testimony that Nichols had possession of the articles, that they were wrapped in paper, that he picked the piece up at Nichols' request to hand it to him, and that Nichols placed it in the basket in which it was later turned over to the detective is supported by the scanty evidence at hand and contradicted by none. The defendant's explanation of the fingerprint is at least as reasonable as that of the State. Where the circumstances are equally compatible with guilt or innocence so that it is just as reasonable to draw one inference as the other, the conviction cannot stand. *Davis v. State,* 65 Ga. App. 840 (16 SE2d 598). And see *Hampton v. State,* 6 Ga. App. 778 (65 SE 816); *Law v. State,* 106 Ga. App. 782 (128 SE2d 204); *Wright v. State,* 121 Ga. App. 21 (172 SE2d 457).

The trial court erred in denying the motion for new trial.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*
Submitted September 15, 1970—Decided October 15, 1970.

*William Holley,* for appellant.
*Ben F. Smith, District Attorney,* for appellee.