## 49615. BROWN v. THE STATE.

EVANS, Judge.
Defendant was indicted for burglary. He filed a motion to suppress certain evidence and after a hearing, the motion was denied. A trial was held, verdict of guilty was returned and he was sentenced to serve twelve years. Defendant appeals. *Held:*

1. During oral argument before this court, counsel for defendant suggested that his rights were being trampled upon in that, after the case and transcript reached this court, the court reporter in the lower court made a substitution of a certain search warrant for the one that had been sent to this court — and that counsel had been afforded no opportunity to contest this procedure. But where the parties do not agree that the transcript or record truly or fully discloses what transpired in the lower court, this matter must be resolved in the lower court. See Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24). Here, the court reporter corrected the transcript by substituting a different exhibit submitted in evidence on the motion to suppress; and it is presumed that he properly discharged his duties in this respect. If not, the error should be corrected in the lower court. See *Dalton v. State,* 127 Ga. App. 504 (2) (194 SE2d 268). See also in this connection, *Smith v. Smith,* 224 Ga. 689, 691 (4) (164 SE2d 225). Defendant's counsel, under Code Ann. § 6-805, is afforded full protection through the right to appear in the lower court and be heard on this matter.

2. Several defendants were jointly indicted, and a number of search warrants had been obtained to search for stolen goods on several premises. If the corrected exhibit as now certified by a reporter (a search warrant *for this defendant's* premises) be not substituted for the original exhibit, there could be no reversal for illegal search of the premises under any circumstances. The original exhibit sent to this court with the transcript shows an affidavit in support of the search warrant for "Betty Rose Spencer's house at 2147 Douglas Avenue, Macon, Ga.," and a search warrant for Smokey Parker's at "1992 Lincoln." When the search was made, nothing was seized, the officers' return stating — "Search made — nothing seized 12-15-73 5:30 p.m." Thus, there would be no evidence to suppress for none was seized at this address. For us to even review the matter, the substituted exhibit by the court reporter must be considered.

Code Ann. § 6-805 (f) states that: "If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is

transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court."

We have no way of knowing whether the court reporter was advised by someone of his error, or if he, of his own accord, discovered his error. Of course, under Code Ann. § 6-805, the trial court or the appellate court may at any time order the clerk of the trial court to send up any original papers or exhibits in the case.

3. The affidavit for search warrant of Rose Spencer's place of abode and the search warrant for Smokey Parker's show no goods seized, hence no evidence could be suppressed. But examination of defendant's motion to suppress alleges the evidence he seeks to suppress was seized at "Apt. 94, Green Meadows Apts., Macon, Bibb County, Georgia." The corrected exhibit to the transcript shows the affidavit and search warrant for this apartment, together with the return showing the evidence defendant seeks to suppress. Thus, regardless of defendant's request that we not consider this correct exhibit to the transcript, we find it proper to examine same and find it properly prepared and not subject to the attack made thereon. The trial court did not err in denying the motion to suppress.

4. Testimony as to the defendant's fingerprint found in the burglarized establishment was circumstantial in nature and was properly allowed in evidence; the weight and value thereof being a question for the jury to determine. See *Kryder v. State,* 75 Ga. App. 34, 36 (3) (41 SE2d 824); *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150); *Miller v. State,* 122 Ga. App. 553 (1) (177 SE2d 838). But to warrant a conviction on the fingerprint testimony alone circumstances must be such that they could only be impressed at the time when the crime was committed. *Miller v. State,* 122 Ga. App. 553, 554, supra; *Anthony v. State,* 85 Ga. App. 119, 121, supra.

5. The evidence connecting the defendant with the crime of burglary was circumstantial. The burglary occurred on December 13, 1974. Stolen goods were found in defendant's possession on December 15, 1974, two days

later. This was sufficient to satisfy the requirements of the circumstantial evidence rule found in Code § 38-109. Possession of recently stolen goods, unexplained to the satisfaction of the jury, authorizes an inference of guilt of burglary. *Brown v. State,* 125 Ga. App. 300, 302 (187 SE2d 301); *Mathews v. State,* 103 Ga. App. 743 (120 SE2d 359); *Tarver v. State,* 95 Ga. 222 (21 SE 381); *Myerholtz v. State,* 109 Ga. App. 352 (1) (136 SE2d 165); *Cheatham v. State,* 57 Ga. App. 858, 859 (197 SE 70). The stolen goods were found in defendant's possession two days after the burglary with the same price tags still attached. The jury may consider "the length of time which had elapsed since the burglary, and the difficulty or impossibility on the part of the accused to account for his possession of the stolen property." *Lundy v. State,* 71 Ga. 360, 361.

6. The third enumeration of error gives us the most concern in this case. It is urged by defendant that the trial court abused its discretion and would not hear from counsel on the issue of suspension or probation of sentence.

The following occurred, according to the transcript (p. 134), after the jury returned its verdict fixing sentence of defendant at 12 years. "By the court: Will the defendant stand up, please. Mr. Brown, the jury has fixed your sentence at twelve years. That is the sentence of the court that you serve twelve years — Mr. Lanneau: Could I make a statement to the court? By the court: The jury verdict is binding upon the court. It is a legal verdict. Mr. Lanneau: I want to bring some things to the court's attention. By the court: Mr. Brown, it is the sentence of the court that you serve 12 years in the State Penal System."

Probation and suspension of sentence is a very important matter to a defendant who has been convicted and sentence fixed by the jury. Code Ann. § 27-2502 (Ga. L. 1950, pp. 352, 354; 1964, pp. 483, 484) vests in the trial judge a discretion to probate or suspend sentence "under such rules and regulations as he thinks proper."

Counsel had been employed to represent defendant, and was charged with the duty of urging any and all matters that he felt justified toward helping his client, including the modifying of sentence in the event of

conviction.

When counsel sought to address the court, it was known by all concerned that his remarks concerned the judge's next action respecting sentence. The judge well understood this and so shows by his next statement, to wit: "The jury verdict is binding on the court. It is a legal verdict." Then counsel stated: "I want to bring some things to the attention of the court" — and this statement was not dignified by any reply from the court, who then, refusing to address counsel, while knowing counsel had respectfully asked for the court's attention and consideration, but instead addressed himself to the prisoner, in an attempt to complete the pronouncement of court as to sentence, to wit: "Mr. Brown, it is the sentence of the Court that you serve twelve years in the State Penal System."

It is plain that the court considered he had no discretion in the premises; that he felt the jury's verdict was binding on the court; that he had no right to modify the sentence by ordering all or part served under probation; or all or part of it suspended.

This court has held repeatedly that the failure to exercise discretion when the law vests discretion in a judge, is reversible error. This is made very clear in those cases where the judge lets it be known that he does not think he has any discretion, as was the situation here.

This question was discussed fully in the recent case of *Ballard v. State,* 131 Ga. App. 847, 849 (207 SE2d 246), in which the trial judge wrote out his sentence before announcing (pronouncing) same, and then refused to entertain a motion to be allowed to withdraw the plea of guilty under the mistaken impression that the writing out of the judgment cut off the right to withdraw. This court stated: "The trial judge erred in that he refused to consider the motion to withdraw, under the mistaken belief that defendant had no right to make such a motion. It is the law of this state that when a judge passes on a matter, in which he has a discretion, and fails and refuses to exercise that discretion, (especially where the judge lets it be known that he believes he has no discretion) the judgment thus reached is erroneous and should be set aside. See *Stuart v. State,* 123 Ga. App. 311 (1), 313 (180

SE2d 581). The failure to entertain the motion and exercise a legal discretion in granting or refusing the motion would ordinarily constitute reversible error."

Here the error was double. First, the trial judge let it be known that he believed he had no discretion in the matter, by stating that the jury verdict was binding, which was error. Next, he refused to allow defendant's counsel to make a motion or to be heard on the question of sentence, simply by ignoring counsel. This likewise was error. As was held in the *Ballard* case, both the failure to entertain the motion, and the failure to exercise a legal discretion in the premises, were error.

For the reasons set forth in this division, the judgment of the trial court as to the sentence (and not as to the verdict of guilty) is reversed, and it is ordered that the case be remanded to the lower court for proper consideration of the question of modification of the jury's verdict as to sentence.

*Judgment reversed with direction. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED OCTOBER 17, 1974.

*Frank B. Lanneau, III,* for appellant.
*Edward E. McGarity, District Attorney, Kenneth Waldrep, Assistant District Attorney,* for appellee.