## 50771. VAUGHN v. THE STATE.

SUBMITTED MAY 21, 1975 — DECIDED OCTOBER 7, 1975.

*Harold E. Martin,* for appellant.

*Edward E. McGarity,* District Attorney, *Kenneth Waldrep,* Assistant District Attorney, for appellee.

DEEN, Presiding Judge.

To warrant a conviction based solely on fingerprint evidence "the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they *could only have been impressed at the time when the crime was committed.*" (Emphasis supplied.) *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150). The cases require the state to prove to the *exclusion of every reasonable*

*hypothesis,* that the fingerprints could only have been impressed at the time the crime was committed. *Miller v. State,* 122 Ga. App. 553 (177 SE2d 838); *Mooney v. State,* 122 Ga. App. 650 (178 SE2d 281); *Brown v. State,* 133 Ga. App. 56 (209 SE2d 721). Here appellant was brought to the scene by the police at a time when he was not under suspicion; he testified that he touched the glass at that time. It is true that the officer was not certain whether or not appellant touched the glass but "the defendant's explanation of the fingerprint is at least as reasonable as that of the State." *Mooney v. State,* 122 Ga. App. p. 653, supra. However the state has failed to prove that there was no way the appellant could not have made the impressions at the time he said he did.

We are aware that the legal principles discussed above are predicated upon a situation in which fingerprints constitute the *sole* evidence linking a defendant with the crime. The state urges that there were other related circumstances which, when cumulated with the fingerprint evidence, raise a jury question. *Brown v. State,* 133 Ga. App. 56 (4), supra. These "other related circumstances" relied upon by the state are: (1) that appellant was observed walking near the scene of the crime within fifteen minutes after the crime was committed; and (2) that appellant's automobile had been observed for approximately one and a half hours prior to the burglary parked within two blocks of the scene but was moved a short time after the crime. A pair of shoes found at the scene and a footprint were found *not* to belong to appellant. With regard to appellant's location near the scene of the crime shortly thereafter, the evidence shows that he lived near the area where he was picked up, he first approached the officer to report the theft of tapes from his car and the policeman himself testified that it was not unusual to observe appellant walking late at night. With regard to the location of his car, appellant testified he was stopped by friends and parked his car to join them at a dance and upon returning was unable to crank his car. He then testified that he walked to his home, got some gasoline to fill his car's empty tank and returned to move his car.

These "other related circumstances" are purely

circumstantial evidence and it is clear that in this state "to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109; *Graham v. State,* 183 Ga. 881, 885 (189 SE 910). "In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481)." *Elam v. State,* 125 Ga. App. 427, 430 (187 SE2d 920). Thus when *all* the evidence, fingerprints, location of appellant and his car, is reviewed together the proved facts do not "exclude every other reasonable hypothesis save that of the guilt of the accused"; appellant's explanation of how the fingerprints were made and why he and his car were in the vicinity is entirely consistent with the circumstantial evidence against him. When the evidence is viewed separately, the fingerprints and the "other related circumstances," as the state would have us do, appellant's consistent explanation of the "other related circumstances" destroys its effectiveness as a basis for conviction and the fingerprints remain the *sole* evidence against appellant; but the state has not proved that the prints could not have been made by him at a time other than during the commission of the crime. Under either view, "the evidence, though entirely circumstantial, was sufficient to raise a grave suspicion of the defendant's guilt of the offense charged; yet it was, nevertheless, insufficient, when given its strongest intendment against him, to exclude every other reasonable hypothesis save that of his guilt, and that being true, the trial judge should have granted a new trial on the defendant's motion therefor." *Redwine v. State,* 207 Ga. 318, 324, supra.

*Judgment reversed. Stolz, J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially.

I concur in the majority opinion and add the following: It appears that the trial judge participated with

the district attorney in considerable cross examination of the defendant. A pair of boots had been found on the roof of the house alleged to have been burglarized. Although there is no obligation on a defendant to aid the prosecutor to incriminate himself by fitting his feet into tracks left at the scene (*Day v. State,* 63 Ga. 667, 668 (2); *Elder v. State,* 143 Ga. 363 (1) (85 SE 97)), and although here the boots had not been introduced into evidence, the trial judge, with leading questions, after holding it was a proper subject for cross examination, sought to secure an answer from the witness that the boots fitted him, as follows: Q. (by the court) "They fit good, don't they?" A. (by defendant) "No, they're too big for me." There was no further effort to connect the defendant with the boots. This fact alone is sufficient to show that someone other than defendant had left boots in an unusual place, to wit, on top of the burglarized house, and serves to negate the proof of defendant's guilt.