## 59238. BARNETT v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted in 14 counts, 13 of which were for the offenses of entering an auto without authority and with intent to commit a theft therein, the same being 13 Dodge van motor vehicles, the property of another. The fourteenth count was that he was guilty of a second felony because he had been previously convicted of three counts of burglary in the same court. He was tried and convicted of 9 of the 13 counts of entering an auto without authority and was also found guilty of being a recidivist. As to Counts 1, 2, 3, 4, 6, 7, 10, and 11, he was sentenced to serve a term of five years on each count. As to Count 12, he was sentenced to serve a term of five years, the first year of which to be served in confinement and following his release from confinement the remainder of the sentence imposed to be served on probation subject to the defendant making restitution to the victim under Counts 1, 2, 3, 4, 6, 7, 10, 11 and 12; that is, to make payments with respect to the value of the spare tire (with wheel) taken from each van, taking into consideration the prospective finances of the defendant when released from prison; this sentence to run consecutively to that imposed on Counts 1, 2, 3, 4, 6, 7, 10, and 11. Motions for judgment of not guilty notwithstanding the verdict and for new trial were separately made and denied. Defendant appeals. *Held:*

1. To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed. See *Anthony v.*

*State,* 85 Ga. App. 119, 121 (68 SE2d 150); *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66). These cases require the state to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. See *Miller v. State,* 122 Ga. App. 553, 554 (177 SE2d 838); *Mooney v. State,* 122 Ga. App. 650 (178 SE2d 281); *Brown v. State,* 133 Ga. App. 56, 58(4) (209 SE2d 721); *Vaughn v. State,* 136 Ga. App. 54, 55, supra.

2. On April 1, 1979, in the early morning hours, an agent of the owner discovered the theft of the spare tires out of 13 Dodge vans located on the premises of the owner. The spare tire assembly on these particular vans is located against the wall in the right rear of the vehicle. A bolt protrudes out of the wall through the spare tire. The jack base fits on the bolt with a wing nut holding it secure. In each van that had been entered the jack base was on the floor of the vehicle. Twelve of the jack bases showed latent fingerprints which were lifted by an expert who testified that they were fresh clear prints. This is, "less than a year and less than six months, much less," and, further, "less than three months" and "less than a month." A total of twenty latent fingerprints were sent to the Federal Bureau of Investigation for investigation. Fifteen of these prints were identified as those of the defendant. These fingerprints were the sole evidence which linked defendant to the crime. A former employee had helped park the vans at the dealership on a couple of occasions. He never had authority to let anyone else in the vans although he testified that the defendant had visited him from time to time and that if he moved a van from one side of the lot to another while defendant was present the defendant would ride with him. Defendant testified that he had touched a number of the spare tire assemblies in these vans when he was riding with the owner's employee (sometime during the period October, 1978, through February, 1979), and would tighten them if they rattled, although it was impossible to determine if the defendant had been in the particular vans from which the tires had been stolen. Where the circumstances of a case are equally compatible with guilt or innocence so that it is just as easy to draw one inference over another, the conviction cannot

432

stand. See *Davis v. State,* 65 Ga. App. 840 (16 SE2d 598); *Hampton v. State,* 6 Ga. App. 778 (65 SE 816); *Law v. State,* 106 Ga. App. 782 (128 SE2d 204); *Wright v. State,* 121 Ga. App. 21 (172 SE2d 457); *Mooney v. State,* 122 Ga. App. 650, 653, supra.

3. To warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. *Graham v. State,* 183 Ga. 881, 887 (189 SE 910). In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. See *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481); *Elam v. State,* 125 Ga. App. 427, 430 (187 SE2d 920); *Vaughn v. State,* supra, at 56.

4. The state's expert witness who lifted the fingerprints testified that the fingerprints were fresh (made "less than a month" before), whereas the testimony offered by the defendant that he tightened the nuts on the jack's base sometime before when he was in the vehicles with another witness, an employee (between October, 1978, and February, 1979). Nevertheless, the sole evidence against the defendant is that the fingerprints lifted were in certain instances his fingerprints. However, the state has not proved that the prints could not have been made by him at a time other than during the commission of the crime, although the state's testimony was that they were fresh. Under the circumstances, the evidence, though entirely circumstantial, was sufficient to raise a grave suspicion of the defendant's guilt of the offense charged but was insufficient when given its strongest intendment to exclude every other reasonable hypothesis save that of his guilt. See *Redwine v. State,* 207 Ga. 318, supra, and *Vaughn v. State,* 136 Ga. App. 54, 56, supra.

The state relies for conviction entirely upon circumstantial evidence, which is not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. The fingerprints relied upon are not used in corroboration of any other evidence against the

defendant, but constitute all of the evidence against him. The evidence here was insufficient to support the verdict of guilty, and the trial court erred in denying the motion for new trial. We have considered defendant's motion, styled motion for judgment of not guilty notwithstanding the verdict, as a motion for new trial merging into his separate motion for new trial. See *Deen v. State,* 216 Ga. 387 (2) (116 SE2d 595).

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 16, 1980 — DECIDED FEBRUARY 12, 1980 —

*Stephen H. McElwee,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.