## 63775. JEFFARES v. THE STATE.

DEEN, Presiding Judge.

The defendant appeals from his conviction of burglary. Entry was made from the roof through air ducts to avoid setting off a building alarm. The conviction depends upon fingerprint identification, the probative value of which is the sole issue on appeal.

"To warrant a conviction based solely on fingerprint evidence 'the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they *could only have been impressed at the time when the crime was committed.'* (Emphasis supplied.) *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150). The cases require the state to prove to the *exclusion of every reasonable hypothesis,* that the fingerprints could only have been impressed at the time the crime was committed. *Miller v. State,* 122 Ga. App. 553 (177 SE2d 838); *Mooney v. State,* 122 Ga. App. 650 (178 SE2d 281); *Brown v. State,* 133 Ga. App. 56 (209 SE2d 721)." *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66) (1975); *Barnett v. State,* 153 Ga. App. 430 (265 SE2d 348) (1980). This is, in the first instance, a question for jury determination. *Miller,* supra, *Brown,* supra, *Anthony v. State,* 85 Ga. App. 119, supra (1951). 28 ALR2d 1149 (Anno.) §§ 27, 28. It is insufficient if the print is found at a time and place where the defendant might innocently have left it. *Vaughn,* supra. Where, however, there is evidence in corroboration of the state's contention that the defendant had no other opportunity to leave the identified prints, the conviction will stand. *Pierce v. State,* 145 Ga. App. 569 (244 SE2d 87) (1978). In *Pierce* the defendant's contention that he had previously been on the premises to visit was negated by the victim's testimony that in the two years she had been there she had never seen him, thus leaving the ultimate question for the jury.

In the present case the defendant, a former employee on the

business premises burglarized, had been previously employed there. He had been fired, according to company records, over four years previously. His own calculation placed the incident at just under four years, and he admitted he had not returned since. Two palm and several fingerprints were found on the front and back respectively of a file cabinet. This had been moved out from a row of cabinets in a storage room in order, apparently, to open a door behind it. Caught in this door was found a piece of metal, which appeared to be a part of the sheet metal sought to be moved by the intruder from the shop area out through the record and storage room where the file cabinets were. Further, there was testimony that at some time after the defendant left the premises the file cabinets had been washed and regrouped; also, no other fingerprints of any kind were found on the cabinets and the one bearing the impression was the one in front of the door which had been opened before or during the burglary.

The corroborative evidence here is stronger than that in the *Pierce* case, and is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 5, 1982.

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael Whaley, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.