65071. BARNES v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of 13 counts of burglary and also as a recidivist. Defendant's motion for new trial was filed, heard and denied and he appeals. *Held:*

1. The first enumeration of error contends that the trial court erred in charging the law as to persons concerned in the commission of a crime when a defendant directly commits the crime himself or intentionally aids and abets in the commission of the crime by another. Defendant contends there was no evidence adduced at trial to show the alleged offenses were committed by more than one individual. However, in this instance the connecting theme with all of the 13 burglaries was the state's evidence that fingerprints and/or palm prints were found at the scene where the crimes were committed and under such circumstances that they could only have been impressed at the time the crime was committed. Expert testimony was produced connecting these finger and palm prints to known prints of this defendant. In addition to this testimony voices were heard in one dwelling shortly before the burglary was discovered and the volume of items taken from the various dwellings was sufficient to authorize the jury to conclude that more than one person could have been involved in the burglaries. In addition the burglaries occurred in dwellings in which no one was at home at the time of the burglary and the motive for same in all instances was an entry for the purpose of intending to steal valuables inside the premises, the crimes having occurred over a period of seven months. Thus, there was slight evidence to justify the charge as to parties to the crime with reference to these 13 burglaries as two or more persons could have been involved. See *Heard v. State,* 149 Ga. App. 92, 93 (2) (253 SE2d 454); *Smith v. State,* 154 Ga. App. 258, 259 (5) (267 SE2d 863). Compare *Battle v. State,* 231 Ga. 501 (202 SE2d 449); *Liggins v. State,* 239 Ga. 452, 454 (3) (238 SE2d 34); *Thomas v. State,* 242 Ga. 712, 717 (251

SE2d 294); *Alexander v. State,* 150 Ga. App. 41, 42 (1) (256 SE2d 649). But even if the evidence was such as to find there was insufficient evidence to justify the charge, we find no harmful error, as defendant has failed to show any injuries as a result of the alleged error. See *Hill v. State,* 237 Ga. 794, 799 (5) (229 SE2d 737); *Hall v. State,* 202 Ga. 619, 620 (44 SE2d 234). This enumeration of error is not meritorious.

2. The second enumeration of error contends that the trial court should have charged the request to charge on the lesser included offense of criminal trespass, that is, that a person commits criminal trespass when he knowingly and without authority enters on the premises of another for an unlawful purpose, the elements of the offense being that the defendant was the perpetrator, that he knowingly entered without authority the premises of another for an unlawful purpose. Defendant contends that *State v. Stonaker,* 236 Ga. 1, 2 (3) (222 SE2d 354), required that this charge be given in this instance. However, the purpose as to every entry was shown to involve an intent to steal and for no other unlawful purpose. Here the defendant never admitted entering the buildings under any circumstances. Therefore, the only two possibilities raised is that there was either a burglary by the defendant whose fingerprints and/or palm prints were found or same was not committed by the defendant. A charge on criminal trespass was not authorized by the evidence. See *Deese v. State,* 137 Ga. App. 476, 477 (3) (224 SE2d 124). In *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518), the defendant admitted entering the building and this court ruled that the jury might have believed that the defendant in that case might have entered for an unlawful purpose other than the commission of a felony or theft. See also *Boggus v. State,* 136 Ga. App. 917, 919 (4) (222 SE2d 686). There is no merit in this complaint.

3. The remaining enumeration of error is one in which the defendant contends there was insufficient evidence to sustain a conviction, yet, each of the dwellings here were entered for the purpose of removing valuables without permission, and the fingerprints and/or palm prints of the defendant were established by expert testimony as having been made by the defendant and under such circumstances that they only could have been impressed at the time the crime was committed. While the evidence was solely circumstantial in linking this defendant to the 13 dwellings in question by such evidence occurring over a seven month period in which the modus operandi was the same, that is, for the purpose of stealing valuables, the entry being similar in each instance, it was sufficient to convict as a logical connection was shown. See *Collins v. State,* 239 Ga. 45 (235 SE2d 523); *Barnett v. State,* 153 Ga. App. 430 (1) (265 SE2d 348); *Mooney v. State,* 122 Ga. App. 650 (178 SE2d

281). Compare *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66); *Brown v. State,* 133 Ga. App. 56, 58-59 (4, 5) (209 SE2d 721). The presence of valuable items inside the premises can support an inference of intent to steal. *Parrish v. State,* 141 Ga. App. 631 (234 SE2d 174).

The evidence as to each and every transaction involving the 13 burglaries tended to show motive or intent so as to connect the same motive as to all, that is, for the purpose of stealing valuables. See *Jones v. State,* 156 Ga. App. 823, 824 (275 SE2d 712). Compare *Pierce v. State,* 145 Ga. App. 569 (244 SE2d 87).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 3, 1982.

*Jack Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.