## A08A0781. CRAWFORD v. THE STATE.

(664 SE2d 820)

BARNES, Chief Judge.

Following the denial of his motion for a new trial, Patrick Crawford appeals his convictions for burglary, false imprisonment, rape, armed robbery, aggravated sexual battery, hijacking a motor vehicle, and two counts each of aggravated sodomy and aggravated assault. Crawford contends the evidence was insufficient to warrant his convictions, and also that the trial judge erred by failing to merge the ten offenses for sentencing. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We construe the evidence and all reasonable inferences therefrom most strongly in favor of the jury's verdict. *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997).

Viewed in this light, the evidence shows that the victim was asleep in her bedroom very early one morning when Crawford and an accomplice forcibly entered her apartment armed with handguns. Awakened by the noise, the victim encountered Crawford and his accomplice brandishing weapons in her son's bedroom.[1] The men forced her back into her bedroom, raped and sodomized her, struck her on the head with a gun, and ransacked the apartment in search of money and jewelry. After assaulting her, the men then took the victim to the bathroom, forced her to "wash up" in the bathtub using soap and water and made her gargle with hydrogen peroxide. The men bound the victim with a telephone cord, stole her jewelry, and escaped in her fiancé's car. The stolen vehicle was recovered the next day.

A total of 24 fingerprints lifted from the apartment and the vehicle matched Crawford's, including prints from an inaccessible area of the car's dashboard. The police found prints positively matching Crawford's on credit cards belonging to the victim, a coin container the burglars had tried to empty, a jewelry box in the victim's bedroom, and a shoe box from the victim's closet. A fingerprint lifted from a hydrogen peroxide bottle in the bathroom was "consistent" with Crawford's right index finger, but did not "rise to the level" of a 100 percent identification, according to the fingerprint identification expert who performed the analysis. DNA

---

[1] Crawford's accomplice was never identified.

extracted from medical evidence obtained during the victim's emergency room examination did not match Crawford's DNA.

Evidence showed that Crawford had visited the victim's apartment once, about five months before the crime, seeking employment from the victim's fiancé, who also lived in the apartment. Crawford's visit lasted no more than ten minutes, during which he remained standing in the living room and did not use the bathroom or enter the bedroom, bedroom closet, or kitchen. Crawford's mother testified that she had been inside the apartment with Crawford as a guest "three or four times," but she could not recall any exact dates. The victim's fiancé also testified that Crawford had never been inside his automobile before it was stolen and that two objects on which Crawford's fingerprints were found — the shoe box and the coin container — had been brought into the apartment *after* Crawford visited the apartment looking for a job.

1. Crawford contends that the evidence the State presented is insufficient to sustain his convictions because the DNA evidence did not connect him to any crime and because his fingerprints found on various items in the apartment were the result of prior visits there as a guest. We find no merit to these contentions.

> To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed.

*Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348) (1980); accord *In the Interest of J. D.*, 275 Ga. App. 147 (619 SE2d 818) (2005) (defendant's fingerprint on broken kitchen window sufficient to sustain burglary conviction even though defendant may have been in living room once before). Additionally, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6; *Lighten v. State*, 259 Ga. App. 280, 282 (1) (576 SE2d 658) (2003); compare *Anthony v. State*, 85 Ga. App. 119, 121 (68 SE2d 150) (1951) (fingerprint evidence on pinball machine money box insufficient to sustain burglary conviction because of failure to exclude every reasonable hypothesis except defendant's guilt). Such evidence "is insufficient if the print is found at a time and place where the defendant might innocently have left it." *Jeffares v. State*, 162 Ga. App. 36 (290 SE2d 123) (1982); *Vaughn v. State*, 136 Ga. App. 54 (220 SE2d 66) (1975) (burglary conviction reversed because defendant

testified he touched broken glass at scene when brought there by police, who could not disprove his statement).

In this case, the jury could conclude from the evidence that the proved facts are consistent with the State's hypothesis of Crawford's guilt, and that those facts exclude every other reasonable hypothesis except Crawford's guilt. OCGA § 24-4-6. The State's fingerprint expert testified that Crawford's fingerprints were found on various objects in the apartment consistent with the victim's testimony about the manner in which the crime was committed. The victim testified that the men entered her bedroom closet where police found the shoe box bearing Crawford's fingerprints. Crawford's fingerprints also were found on the coin container which one of the assailants had tried to empty. Although Crawford argued that his presence in the apartment as a guest explained his fingerprints, the victim's fiancé testified that two of those objects were brought into the apartment *after* Crawford's only prior visit to the apartment. The victim testified that her assailants forced her to gargle with hydrogen peroxide and a fingerprint "consistent" with Crawford's was lifted from a hydrogen peroxide bottle found in the bathroom. The victim also testified that her assailants took jewelry from her jewelry box, on which Crawford's prints were found, and had searched her bedroom closet, where Crawford's prints were found on a shoe box. Further, the victim testified that the assailants demanded money, and Crawford's fingerprints were found on two credit cards that had been removed from the victim's purse. The victim's fiancé also testified that Crawford had never been in his automobile, and yet Crawford's fingerprints were found inside the vehicle, including on an inaccessible area of the dashboard, which is consistent with damage from removal of the car radio.

"It is the jury's prerogative to choose what evidence to believe and what to reject," *Trammell v. State*, 253 Ga. App. 725, 726 (560 SE2d 312) (2002). Based on these facts, the jury could conclude that the only reasonable explanation for the existence of Crawford's fingerprints is that they were impressed when the crime occurred. *Tyler v. State*, 198 Ga. App. 685, 687 (2) (402 SE2d 780) (1991); *Barnett*, supra, 153 Ga. at 432 (when determining whether any other reasonable hypothesis but guilt exists, jury must consider defendant's explanation "insofar as it is consistent with the circumstantial evidence properly admitted").

Accordingly, we find that the evidence discussed above was sufficient for a rational trier of fact to find Crawford guilty beyond a reasonable doubt of the charges against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Crawford contends in his second enumeration of error that his convictions for all the non-burglary offenses should have been

merged with the burglary conviction because, as a matter of fact or of law, all the crimes arose out of the same criminal conduct of the burglary.

> "The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge."

*Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998) (aggravated assault and armed robbery convictions did not merge; assault complete when defendant threatened victim with a knife, before stabbing her and taking her purse); see also *Gilbert v. State*, 176 Ga. App. 561, 562-563 (336 SE2d 828) (1985) (false imprisonment and aggravated assault did not merge with rape and aggravated sodomy because evidence showed that victim was cut with knife during hiatus from sexual assaults; and was instructed to lie motionless after being raped and sodomized).

The crime of burglary is complete when the defendant enters a dwelling without authority intending to commit a felony, regardless of whether he actually does commit a felony. *Childs v. State*, 257 Ga. 243, 251-252 (357 SE2d 48) (1987). Here, the evidence showed that Crawford completed the crime of burglary when he entered the victim's apartment without authority intending to commit a felony, before he committed the other offenses. OCGA § 16-7-1; see, e.g., *Reeves*, supra, 233 Ga. App. at 805. Accordingly, the court did not err by sentencing Crawford for the separate crimes of which he was convicted. See, e.g., *Palmer v. State*, 174 Ga. App. 720 (331 SE2d 77) (1985) (burglary convictions did not merge with rape and aggravated assault convictions where defendant unlawfully entered victims' apartments then committed rape and assault); *Childs*, supra, 257 Ga. at 251-252.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 3, 2008.

*Richard O. Allen*, for appellant.
*Patrick H. Head, District Attorney, Eleanor A. Dixon, Dana J. Norman, Assistant District Attorneys*, for appellee.