67683. THE STATE v. JOHNSTON.

McMURRAY, Chief Judge.

This is an appeal by the State from the grant of defendant's motion to suppress evidence. Defendant was indicted on two counts of violation of the Georgia Controlled Substances Act, possession with intent to distribute methaqualone and possession of more than one ounce of marijuana.

Defendant was lessee of a mini-warehouse (one of 288 garage-type individual warehouses in the facility in question). While conducting a security check of the mini-warehouse facility, the manager discovered that the locking device on the door had been cut on the unit leased to defendant. Break-ins by cutting the locking devices were a frequent occurrence at this facility. The manager opened the door to the unit leased to defendant and discovered several bags of pills. One of the bags had a tear in it so that the manager was able to remove a pill which he recognized as a Quaalude. The manager took a number of the pills, closed the door to the mini-warehouse unit and went to call law enforcement officers. Upon arrival of a police officer, the manager informed him of these circumstances and gave the officer a number of pills he had removed from the mini-warehouse. The officer then proceeded to search the mini-warehouse without a warrant. *Held*:

The sole issue argued by the State is whether the defendant held a reasonable expectation of privacy in the premises at the time of the officer's entry. The State argues that after the private search by the facility manager and the preceding burglary any expectation of privacy by defendant was no longer reasonable. Thus, the officer's entry was not a search within the meaning of the Fourth Amendment.

In support of its position, the State cites Illinois v. Andreas, 463 U. S. ___ (103 SC 3319, 77 LE2d 1003), a case in which contraband drugs were discovered in a lawful border search, the container

resealed and delivered to the defendant. The issue was whether a warrant was required to reopen the sealed container when it was seized following delivery. The Supreme Court held that there was no protected privacy interest remaining after government officers have lawfully opened the container and identified the contents as illegal. The lawfully invaded privacy rights were not revived by resealing the container to permit a controlled delivery to defendant, consequently the reopening of the container was not a search within the intendment of the Fourth Amendment. Essential to the case sub judice is the explanation that the holding in Illinois v. Andreas, 463 U. S. ___, supra, is predicated upon the plain view doctrine. "The plain view doctrine is grounded on the proposition that once police are lawfully in a position to observe an item first-hand, its owner's privacy interest in that item is lost; the owner may retain the incidents of title and possession but not privacy. That rationale applies here; once a container has been found to a certainty to contain illicit drugs, the contraband becomes like objects physically within the plain view of the police, and the claim to privacy is lost." Illinois v. Andreas, 463 U. S. ___, supra. A recent Supreme Court opinion in United States v. Jacobsen, ___ U. S. ___ (___ SC ___, ___ LE2d ___) (82-1167, decided April 2, 1984, CLR April 4, 1984, Vol. 35, No. 1) holds in a somewhat similar situation that the Fourth Amendment did not require a drug enforcement administration agent to obtain a warrant with reference to contraband found under similar situations as in the case sub judice. Accordingly, based upon the above decisions of the Supreme Court of the United States, the judgment of the trial court suppressing the evidence is reversed.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 18, 1984.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellant.
*Paul Stalcup,* for appellee.