## 76481. MACK v. THE STATE.
(375 SE2d 458)

BENHAM, Judge.

Following a bench trial, appellant was convicted of trafficking in cocaine. On appeal, he enumerates as error the denial of his motion to suppress as well as the trial court's decision to call a recess during appellant's trial.

1. Appellant contends his suppression motion should have been granted because the police conducted a warrantless search of his home; the search warrant executed by the police was issued without probable cause; and he was never informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), following his arrest.

A confidential informant told police that a known drug dealer at 2252 Hansen Street was supplied with cocaine by a man named Pinky who delivered the contraband in a Chrysler or a Cadillac, and who lived at 611 East 37th Street. On October 10, 1985, the police released to the known drug dealer a quantity of money seized during a search of her home. The serial numbers on the bills released to the drug dealer were recorded by police. After giving the drug dealer the money, an officer followed the woman and watched her enter the premises at 611 East 37th Street. Soon thereafter, the officer learned that the utility accounts for 611 East 37th Street were in the name of Rue Bennett. In surveillances of 611 East 37th Street, the officer saw parked there both the Chrysler and Cadillac mentioned by the confidential informant as well as a green and white El Camino registered to appellant at the East 37th Street address.

On November 1, 1985, investigating officers had a confidential reliable informant (CRI) attempt to make a controlled purchase of cocaine from the known drug dealer at the Hansen Street address. The CRI was unsuccessful but told the officers the drug dealer was expecting a delivery of cocaine by a black woman in ten minutes. Within ten minutes, a black woman driving the green and white El Camino seen at 611 East 37th Street parked in front of the Hansen Street address. The officers approached the woman, ascertained her identity as being Rue Bennett, and saw in plain view a plastic sandwich bag containing a white powdery substance that subsequently tested positive for cocaine. The woman was arrested and officers were sent to the East 37th Street address to secure the premises while the arresting officers secured a search warrant. Appellant was at his home on East 37th Street when the officers arrived, and refused to consent to a search of the premises. The officers conducted a "cursory search" of the premises to determine if anyone else was within the structure, and they then waited with appellant on the front porch of the home for the arrival of the search warrant. The search that ensued after the arrival of the search warrant uncovered $26,600 in currency; 48.8 grams of a white powdery substance that was 62.6 percent (30.3 grams) pure cocaine; and mannitol, razor blades, sandwich bags, and a triple beam scale.

After the cocaine taken from Rue Bennett field-tested positive for cocaine, one of the arresting officers executed an affidavit containing the facts summarized above to support his application for a search

warrant for the premises at 611 East 37th Street. We conclude that, viewing the "totality of the circumstances," the issuing magistrate "had a substantial basis" for concluding "there [was] a fair probability that contraband or evidence of a crime [would] be found [at appellant's residence]." *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). It was not error to issue the search warrant.

Nor was it error to deny suppression of the contraband and drug paraphernalia found in the search conducted pursuant to the warrant. "The only issue here is whether drugs and the other items not observed during the initial entry and first discovered by the [officers] . . . under an admittedly valid search warrant, should have been suppressed." *Segura v. United States*, 468 U. S. 796, 804 (104 SC 3380, 82 LE2d 599) (1984). "Whether the initial entry was illegal or not is irrelevant to the admissibility of the challenged evidence because there was an independent source for the warrant under which that evidence was seized. Exclusion of evidence as derivative or 'fruit of the poisonous tree' is not warranted here because of that independent source. None of the information on which the warrant was secured was derived from or related in any way to the initial entry into [appellant's home]; the information came from sources wholly unconnected with the entry and was known to the [officers] well before the initial entry. No information obtained during the initial entry or occupation of the [home] was needed or used by the [officers] to secure the warrant. It is therefore beyond dispute that the information possessed by the [officers] before they entered the [home] constituted an independent source for the discovery and seizure of the evidence now challenged." Id. at 813-14. See also *Murray v. United States*, 487 U. S. ___ (108 SC 2529, 101 LE2d 472) (1988). It was not error to deny appellant's motion to suppress on this ground.

3. Appellant next makes the assumption that he was under arrest when the officers initially arrived at his home and that any incriminating evidence discovered as a result of police questioning of him without benefit of *Miranda* warnings should have been suppressed. Assuming arguendo that appellant was arrested, he did not make incriminating responses during custodial interrogation. The evidence is that appellant's attorney, after being presented with the search warrant and consulting with appellant, suggested to the officers that they "wouldn't have to search much" if they went to the master bedroom. Inasmuch as there is no evidence that appellant was subjected to custodial questioning and made incriminating responses thereto, it was not error to deny appellant's motion to suppress on this ground.

4. Finally, appellant takes issue with the trial court's decision to call a recess when the assistant district attorney sought to keep the record open for the receipt of physical evidence not then present in court. The missing evidence was that seized from appellant's co-de-

fendant when she encountered officers in front of the Hansen Street address. Appellant was neither charged with nor convicted of any offense related to this contraband. Since appellant suffered no harm from the trial court's decision to recess for the day, any error in the trial court's action is not reversible error. Without harm there is no reversible error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED NOVEMBER 15, 1988 — 

*Michael A. Lewanski, Gregory V. Sapp, Harold J. Cronk,* for appellant.

*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney,* for appellee.