77305. EHRLICH v. THE STATE.
(375 SE2d 272)

CARLEY, Judge.

Appellant was indicted for two counts of trafficking in cocaine and five counts of violating the Georgia Controlled Substances Act. His pre-trial motion to suppress was denied and, after a bench trial, he was found guilty of all counts. Appellant appeals from the judgments of conviction and sentences entered by the trial court on its findings of guilt.

Appellant enumerates as error only the denial of his motion to suppress. The trial court was authorized to find the following: Federal Express delivered a package which was addressed to appellant at the condominium complex where he resided. A security guard at the entrance to the complex signed for the package and telephoned appellant to advise him of its delivery. Although appellant requested that the package be brought to him, the security guard suspected that the package contained contraband and, rather than deliver it to appellant, he took the package to the resident manager. The resident manager observed that the package "was not sealed properly" and, when she looked into it, she saw "a baggie. And white." The police were called and informed of the events. Upon the arrival of a police officer, he was shown a package that "had been opened. Someone had been into the package." According to the testimony of the officer, "[i]t was not sealed at all. It was open. . . ." Because of the unsealed condition of the package, the officer could observe its contents without having to open it himself. The officer believed that what he observed in the unsealed package was cocaine and, based upon that belief, he seized the package. On this evidence, the trial court correctly denied appellant's motion to suppress the contents of the package, which did prove to be cocaine. It is immaterial whether, prior to the officer's arrival, the package had become unsealed during the mailing process or, after its delivery, the package had been opened by the employees of appellant's condominium complex. What is crucial is that, before the officer's arrival, the package had been opened by some non-gov-

ernmental agency. Since the officer had seen the contents of the unsealed package in which appellant's privacy interest had been lost and he had probable cause to believe that what he saw was cocaine, he was clearly authorized to seize the package without resort to a warrant. See generally *State v. Johnston*, 171 Ga. App. 224 (319 SE2d 83) (1984).

The officer took the package to appellant's residence. Upon his acceptance of delivery of the package, appellant was immediately arrested while standing in the doorway to his residence. The trial court was clearly authorized to find that this warrantless arrest was legal. When delivery of the package was accepted, the officer had probable cause to believe that, in his presence, appellant was committing the crime of possession of cocaine. See *Keyser v. State*, 187 Ga. App. 95 (1) (369 SE2d 309) (1988).

After his arrest, appellant requested and was allowed to obtain some articles of clothing to take with him. While doing so, appellant was accompanied by the officer and, during this lawful intrusion into the residence, the officer observed, in plain sight on a counter top, white residue which he reasonably believed to be cocaine. See *State v. Field*, 188 Ga. App. 639 (373 SE2d 815) (1988). The officer did not seize the suspected cocaine from the counter top but, after appellant's arrest, he did secure a warrant to search appellant's residence. The trial court correctly denied the motion to suppress evidence which was seized in the search of appellant's residence pursuant to this warrant. Contrary to appellant's contentions, this warrant was issued on probable cause arising from untainted information gained as the result of the initial lawful seizure of the package, from the ensuing lawful arrest of appellant and from the subsequent lawful intrusion of the officer into appellant's residence while he was accompanying his arrestee. The warrant "was supported by sufficient facts to authorize a finding of probable cause for a more thorough search of the apartment." *Isbell v. State*, 179 Ga. App. 363, 366 (1) (346 SE2d 857) (1986).

The lawful search of appellant's residence led to the issuance of a warrant to search three safety deposit boxes. The trial court correctly denied the motion to suppress evidence which was seized in the search of these safety deposit boxes. This warrant was issued on probable cause arising from untainted information, including that which was acquired as the result of the lawful search of appellant's residence. " 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable

cause existed.' [Cit.]" *State v. Stephens,* 252 Ga. 181, 182 (311 SE2d 823) (1984).

Neither the warrantless seizure of the package and the arrest of appellant nor the seizures of evidence from appellant's residence and safety deposit boxes pursuant to warrants were violative of the Fourth Amendment. The motion to suppress was correctly denied.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 31, 1988 —
REHEARING DENIED NOVEMBER 16, 1988 —

*Robert G. Fierer, Lawrence Mandych,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Nancy A. Grace, Russell J. Parker, Assistant District Attorneys,* for appellee.