## A89A0980. ANDERSON v. THE STATE.
(387 SE2d 148)

BEASLEY, Judge.

Anderson, indicted with his wife Donna, appeals his convictions for possession with intent to distribute cocaine and marijuana (OCGA § 16-13-30 (b)). She pled guilty to misdemeanor possession of marijuana.

1. Defendant's brief and enumerations of error were due to be filed on February 27. None having been received, an order on March 13 directed the filing within five days. The enumerations of error were filed on March 21; no brief was filed until March 27. No explanation was made then or since for the failure to comply with the statute and the rules of this court. OCGA § 5-6-48 (b); Rules 14 and 23, as amended effective March 1, 1989. After due consideration, the State's motion to dismiss the appeal is denied. No contempt will be charged because of the closeness in time to the rules' amendment.

2. Defendant challenges the legality of the seizure after one Daniels was confronted.

The evidence, which is not disputed by Anderson, showed that Federal Express discovered a package in one of its overnight drops in Houston, Texas, on July 14. It did not contain the required prepayment, and the name of the sender and the phone number given proved false. Pursuant to the terms of its contract with all of its users, Federal Express agents in Texas opened the package and discovered a half-pound of marijuana. The package was addressed to "D. Anderson" at a Norcross address. Federal Express security agents contacted Texas officers who called Gwinnett officers. The decision was made to have Federal Express forward the package through its normal channels to Atlanta where a controlled delivery would be made.

The package arrived in Atlanta and was picked up by Federal Express security agent Clark who called Officer Schwarzer to meet him at the Federal Express office in Gwinnett the morning of July 16. Clark was opening the package as Officer Schwarzer entered the office. The package and the marijuana were photographed and resealed. Clark and Schwarzer, dressed as a Federal Express agent, then delivered the package to the address given, an apartment occupied by defendant, his wife Donna, and their three-year-old son. Defendant answered the door, was asked if he were "D. Anderson," and answered that he was not but could sign for the package, which he did.

Officer Schwarzer and his sergeant then obtained a search warrant, leaving four officers outside in automobiles to watch the apartment. They left around noon. Shortly thereafter, the remaining officers saw Daniels, then unknown, drive up, park and go into the apartment. He remained for about twenty minutes and left. The officers, afraid he was leaving with some of the marijuana, stopped him as he descended the stairs. They identified themselves as police. Defendant was watching from the open apartment door and started to close it. The officers, afraid he would destroy evidence, told him they were waiting for a warrant to search the apartment. They entered, taking Daniels along. They observed a small amount of marijuana on a living room table and a baggie containing marijuana sticking out of Daniels' pocket. Both defendant and Daniels were arrested. The officers checked the apartment for security and found only defendant's son.

Officer Schwarzer returned with the search warrant at 2:15 p.m. In executing it, the officers found, in the master bedroom, marijuana rolled in a newspaper next to defendant's bed; six small plastic bags containing marijuana in a Buster Brown bag; another small plastic baggie of marijuana in Mrs. Anderson's drawer; two scales and an orange plastic bag containing small envelopes and baggies. In the child's room, a strongbox was found under the bed, holding eight small bag-

8

gies containing cocaine. Also found were sifters used to package cocaine. Federal Express packaging was in the kitchen trash can. The total of controlled substances was 7.9 ounces of marijuana and 12 grams of cocaine.

Defendant moved to suppress the evidence, contending that the entry and seizure in defendant's home were illegal and that the opening of the package in Atlanta was done "in concert" with Federal Express and was illegal. The motion cited OCGA § 17-5-30, the Fourth and Fourteenth Amendments to the Federal Constitution and the "parallel provisions of the Georgia Constitution," otherwise unspecified. During the hearing on the motion, however, only the federal rights were asserted and they are all that will be considered here.

It is not disputed that there was sufficient probable cause, based on Federal Express' opening of the package and the subsequent controlled delivery of it to defendant, for the search of the apartment as well as the arrest of defendant.

The trial court found that the exigencies created by the unexpected appearance of Daniels authorized the entry and securing of the apartment while the warrant was being obtained. Such a factual finding was authorized by the evidence and is binding unless clearly erroneous, which it was not. *Hill v. State*, 183 Ga. App. 654, 656 (2) (360 SE2d 4) (1987).

Even if the original entry were illegal, that would not require the suppression of drugs found during the search incident to the warrant, since the probable cause for the warrant contained no information from the entry into the apartment and the evidence sought to be suppressed was seized pursuant to the warrant. *Murray v. United States*, ___ U. S. ___ (56 USLW 4801) (June 27, 1988); *Sequra v. United States*, 468 U. S. 796 (104 SC 3380, 82 LE2d 599) (1984); *Mack v. State*, 189 Ga. App. 261, 262 (1) (375 SE2d 458) (1988); see *Ehrlich v. State*, 189 Ga. App. 294, 295 (375 SE2d 272) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Herbert Shafer*, for appellant.
*Thomas C. Lawler III, District Attorney, Terry L. Lloyd, Debra K. Turner, Assistant District Attorneys*, for appellee.