A90A1571. SMITH v. THE STATE.
(398 SE2d 858)

BEASLEY, Judge.

Donna Smith appeals her conviction for possession of approximately 6.7 grams of cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (a). She claims the evidence was insufficient to support the conviction because there was no evidence that she had knowledge that the package she received contained contraband. She further contends that even if the circumstantial evidence was legally sufficient to sustain a finding of guilt it likewise supported a theory consistent with her innocence, i.e., that she was innocently merely accepting what she thought was a Christmas gift from a friend in her old home town.

The evidence construed in favor of the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed the following. United Parcel Service (UPS) received a package to be shipped "next day air," making it a priority one package, and addressed to "Donna Smith, Route 1, House 111, Jenkins, Georgia 31761." The shipper identified on the package was "Johnny Gordon, 1910 Dock Street, West Palm Beach, Florida." On or about November 22, 1988, UPS delivered the package to "Route 1, Box 111, Jakin, Georgia" which was an old parsonage; no one was there so the driver left the package. On or about November 30, the minister's wife returned the package to a UPS driver, telling him that the package had been mis-

takenly delivered and that it had not been opened. That evening, the driver gave it to the local UPS manager. As far as the manager could determine, the sealed package had never been opened.

.Pursuant to UPS procedure for such a priority package, the manager attempted to track down the proper consignee or the shipper. He contacted the UPS terminal in West Palm Beach to verify the shipper's address and was advised that it was not legitimate. It was also discovered that the zip code on the consignee's address was that of Jakin rather than Jenkins but no listing for Donna Smith was found.

Still following standard procedure, the manager then opened the package to look for a shipping or packing list which might disclose someone's name, address, or telephone number but none was found. The manager saw three stuffed toys and an old wadded up beach towel that looked like it had been used as packing. The manager could not imagine why anyone would ship such contents next day air. While replacing the toys in the package, he picked up the towel and out fell a plastic bag containing white powder which he suspected was cocaine. Accordingly, the manager notified the UPS loss prevention department. The loss prevention employee contacted the GBI.

A GBI agent together with a local police investigator went to the UPS office, field tested the powder, which showed cocaine, and took custody of it. The same day, UPS sent a postcard to Donna Smith at the address shown on the package but received no response. Subsequently, the GBI agent received a call from a local sheriff that they had located a Donna K. Smith living in Jakin and working at an oil company in Blakely. UPS was contacted and UPS delivered a notice to Smith at the oil company, asking that she contact the UPS manager about the package. Shortly thereafter, on or about December 21, Smith called the manager. The manager felt it was not unusual that prior to this neither Smith nor anyone had called about the whereabouts of the package because it was his experience that if a package contained something that someone did not want to be associated with, he or she was definitely not going to trace it or look for it.

During the telephone call, the manager told Smith who and where the package was from and that they had had problems locating her. He asked her if she was the Smith on the address and the one that the package was for and she responded affirmatively; two or three times the manager asked more questions about the package in an attempt to confirm that she was the person that the package was intended for and Smith confirmed that she was. Smith had lived in West Palm Beach for years and knew a "Johnny." Smith asked that UPS "be sure and . . . get [the package]" to her and deliver it early in the day before she went to work. The manager took directions for the delivery.

The GBI arranged for a controlled delivery the following day.

Posing as a driver, the UPS loss prevention employee drove the delivery truck to Smith's residence, parking near the front of the carport. Two GBI officers were concealed in the back of the truck. Smith came to the door and confirmed who she was and that it was her package, and she signed for it. The UPS employee went to the back of the truck to inform the officers that Smith had accepted the package. When Smith saw the officers exiting the truck and coming towards her, she threw the package.

"Knowledge and possession can be proven by circumstantial evidence. . . . [Cit.]" *Garcia v. State*, 195 Ga. App. 635, 637 (2) (394 SE2d 542) (1990). " ' "(T)o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. However, the term "hypothesis" refers to "such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else. . . . (Cit.)' [Cit.] Thus, only *reasonable* inferences and hypotheses except the guilt of the accused need be excluded. [Cit.] 'Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law." [Cit.]' " *Hicks v. State*, 195 Ga. App. 887, 888 (1) (395 SE2d 341) (1990).

Here, adding up Smith's consistent affirmations that the package was hers after being contacted by UPS in light of her and the sender's prior failure to make any attempt to locate the package, her request that the package be quickly brought to her at her residence, and her behavior upon delivery of the package and observance of the GBI officers would have permitted the jury to conclude that Smith's defense was not a reasonable hypothesis but rather that Smith knew the sender, knew there was contraband in the package, and knew it was intended for her. The evidence, including reasonable inferences, was sufficient to enable the jury as rational trier of fact to find Smith guilty of possession of the cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Jackson v. State*, 193 Ga. App. 636 (1) (388 SE2d 881) (1989); see also *Anderson v. State*, 193 Ga. App. 6 (387 SE2d 148) (1989); *Ehrlich v. State*, 189 Ga. App. 294, 295 (375 SE2d 272) (1988).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 16, 1990.

*John W. Knight, Burt & Burt, Terry J. Marlowe*, for appellant.

*Charles M. Ferguson, District Attorney, David H. Moseley, Assistant District Attorney, for appellee.*