A92A1404. HAMILTON v. THE STATE.
(422 SE2d 263)

POPE, Judge.

Defendant Tony Roe Hamilton a/k/a Tony Rozer was convicted by a jury of three counts of burglary and two counts of criminal trespass. We affirm.

1. Defendant first contends the trial court erred in denying his motion for directed verdict, arguing the evidence was insufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Construed so as to support the verdict, the evidence adduced at trial shows the following: On January 31, 1991, Mr. James Yates discovered that someone had entered his house by breaking out a bedroom window. The house had been vandalized and numerous items of personal property had been taken. On February 4, 1991, the residence of Tracy and James George was

burglarized. Again the perpetrator entered through a broken window and took numerous items of personal property.

Susan Uptagrafft testified that on February 14, 1991, her son called her while she was at work and informed her that their house had been burglarized. Upon arriving home Ms. Uptagrafft discovered that two back windows, which had been closed when the family left the house that morning, had been opened and numerous items of personal property had been taken.

On February 19, 1991, and again several days later, law enforcement officials searched defendant's house. During these searches items of personal property were recovered which the victims of the three burglaries outlined above identified as property belonging to them which had been taken on the dates in question. Testimony was also presented that a latent fingerprint obtained near where the perpetrator entered the Uptagrafft home matched defendant's left thumb print.

Defendant testified at trial and denied any participation in the burglaries. Defendant attempted to explain his possession of the stolen property by testimony that it had been brought to his house by his brother and another man who initially left the property on his porch. Defendant further testified they did not return for the property for several weeks so he moved it into his house, and when the property remained unclaimed, he "spread" the property throughout his house.

The credibility of witnesses, including the defendant who testifies in his own behalf at trial, is for the jury under proper instructions from the trial court. *Brantley v. State*, 190 Ga. App. 642 (2) (379 SE2d 627) (1989). Contrary to defendant's argument on appeal, the evidence in this case was sufficient to enable a rational trier of fact to find the defendant guilty of the crimes charged beyond a reasonable doubt. *Williams v. State*, 192 Ga. App. 317 (1) (384 SE2d 877) (1989).

2. Defendant next contends it was reversible error for the trial court to permit the State's expert witness to testify concerning why, in his opinion, fingerprint evidence is "better" than evidence obtained from shoe prints. In support of this enumeration defendant argues that the complained-of testimony constitutes an expression on the ultimate issues to be decided by the jury. The transcript shows the testimony was elicited from the State's expert witness after the defendant had questioned another State's witness concerning why a shoe print found near the scene of one of the burglaries was not compared with defendant's shoe prints. On direct examination the prosecutor then questioned its expert concerning why the investigators did not attempt to compare the shoe tracks with defendant's shoe prints. The witness responded in part that fingerprints "are a lot better than . . . shoe tracks." The witness was then allowed, over defend-

ant's objection, to testify that his preference for fingerprint as opposed to shoe print evidence was based on the fact that fingerprints are unique but since manufacturers make more than one pair of many different styles of shoes, shoe prints are not. Clearly, under the circumstances of this case the testimony was relevant and admissible to explain why the State did not attempt to compare defendant's shoe print with the shoe print found near the scene of the crime, an explanation made necessary by defendant's prior questioning of a State's witness. Moreover, and contrary to defendant's assertions on appeal, the objected-to testimony did not invade the province of the jury on the ultimate issues to be decided in this case, and did not constitute an impermissible opinion of the State's expert witness on the evidence presented against defendant at trial. Consequently, this enumeration of error is without merit.

3. We find no merit to defendant's final enumeration of error on appeal, inasmuch as defendant's conviction was not based solely on evidence showing defendant's fingerprint had been found at the scene of the crime. Consequently, this case is not controlled by *Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348) (1980), relied on by defendant in his argument to this court, in which the only evidence presented against defendant at trial linking him to the crime charged was fingerprint evidence.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Samuel F. Greneker*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.