A92A1332. RODDY v. THE STATE.
(422 SE2d 271)

POPE, Judge.

Defendant Charles Roddy was convicted of possession of marijuana with intent to distribute and conspiracy to commit the same crime. He was sentenced only on the conviction on the count charging him with possession with intent to distribute and he appeals.

1. Defendant was arrested at a residence in Cherokee County and detained while one of the arresting officers obtained a search warrant for the premises. In response to defendant's motion to suppress evidence, the trial judge ruled that defendant's arrest prior to the discovery of incriminating evidence obtained as a result of the search was without probable cause. Nevertheless, the judge ruled that no evidence was obtained as a result of the illegal arrest and no information gleaned from the arrest was used in obtaining the valid search warrant. Because all evidence in the case was obtained as a result of the valid search warrant and was not obtained incident to the arrest, the motion to suppress was denied. The trial judge noted, however, that any evidence that might have been obtained between the time of the

arrest and the time the search warrant was obtained, "such as any statements," would be suppressed as a result of the illegal arrest.

Defendant contends the trial court erred in failing to exclude the identity of the defendant, which, he argues, was made as a result of the illegal arrest and not the search. Defendant testified and admitted he was at the residence at the time the police arrived and thus evidence of his identity need not be suppressed.

2. Citing *DiSanti v. State*, 190 Ga. App. 331 (378 SE2d 729) (1989), defendant argues the trial court erred in denying his motion to suppress evidence obtained by executing the search warrant because defendant was illegally detained while the warrant was obtained. In *DiSanti*, however, the illegality of the arrest tainted the subsequent search because the warrant to search the suspect's automobile could not have been executed had he not been illegally detained while the warrant was being obtained. In this case, however, the trial court properly ruled that no information obtained as a result of the illegal arrest was used by the officers to obtain the search warrant. Instead, the warrant was obtained on the basis of information gathered as a result of surveillance of the premises and information obtained from an informant. Even though the trial court ruled the initial arrest was improper, "that would not require the suppression of drugs found during the search incident to the warrant, since the probable cause for the warrant contained no information from the [arrest] and the evidence sought to be suppressed was seized pursuant to the warrant." *Anderson v. State*, 193 Ga. App. 6, 8 (387 SE2d 148) (1989). See also *Mack v. State*, 189 Ga. App. 261 (2) (375 SE2d 458) (1988).

3. We reject the argument that the conviction must be reversed because defendant may not be convicted both of the conspiracy to commit a criminal act and the commission of the act. The trial court sentenced the defendant only on the conviction of that count of the indictment charging defendant with possession with intent to distribute, not on the count charging him with conspiracy, and thus the sentence is not in error. See *Ray v. State*, 165 Ga. App. 89 (3) (299 SE2d 584) (1983). Consequently, we also reject the argument that the trial court committed reversible error in failing to instruct the jury that defendant could not be convicted of both counts of the indictment. Moreover, the record shows defendant did not request such a charge and indicated he had no objection to the charges as given.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Howard & Delaney, Stephen A. Delaney*, for appellant.
*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant*

*District Attorney,* for appellee.