## A96A0245. KIER v. THE STATE.
(469 SE2d 851)

SMITH, Judge.
Appellant Louis Kier was indicted by a Lowndes County grand jury on one count of burglary, OCGA § 16-7-1 (a). A jury found him guilty, his motion for new trial was denied, and he appeals, enumerating the general grounds.

Construed to support the verdict, the evidence shows that an automobile business was burglarized between 11:00 p.m. and 1:30 a.m. on September 3-4, 1994. The owner of the business testified that when he left around 11:00 p.m. to answer a wrecker call, a side entrance storm door to a storage building on the premises was locked and the glass was still in place. He returned around 1:30 a.m. and discovered that the glass in that door had been knocked out and the door ripped open. Various items were missing from the storage building. At approximately 10:30 or 10:45 p.m. on September 3, Kier was seen by two witnesses on the sidewalk adjoining the burglarized business; he then "disappeared" from their view. Because Kier was no longer on the sidewalk and had not crossed the road, one witness concluded he had entered the area between the burglarized business and

the business next door. The business owner knew Kier, testified he had "probably" seen him come by the shop during business hours, and believed he had spoken to him once but never saw him that night.

The sheriff's department investigated the burglary and dusted the storm door for latent fingerprints. A detective lifted a partial palm print, later identified as Kier's, from the broken storm door. The print was found on the upper outside edge of the door, not near the handle but in the damaged area which resulted from the door having been pulled forcibly open. The State's fingerprint expert testified that the palm print matched Kier's on 19 points of identification. He also testified that the print was fairly "clean," as it appeared to have no other prints superimposed upon it.

In challenging the sufficiency of the evidence to support his conviction, Kier relies solely upon *Barnett v. State*, 153 Ga. App. 430 (1) (265 SE2d 348) (1980): "To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed. [Cits.]" Id. Kier contends that the palm print evidence is the only evidence linking him to the burglary and that the State failed to exclude every other reasonable hypothesis for the impression of the palm print. Because the State's fingerprint expert testified that a latent print could remain on a surface for up to one year, Kier argues it was as reasonable for the jury to infer that his palm print was left during a legal entry to the business as to infer that it was impressed on the door during a burglary.

Kier's reliance on *Barnett* is misplaced for several reasons. Most importantly, the rule in *Barnett* by its terms applies only to "a conviction based *solely* on fingerprint evidence." (Emphasis supplied.) 153 Ga. App. at 430. It is inapplicable where the conviction is "not based solely on evidence showing defendant's fingerprint had been found at the scene of the crime." *Hamilton v. State*, 205 Ga. App. 422, 424 (3) (422 SE2d 263) (1992) (defendant also found in possession of stolen property). In this case, in addition to the fingerprint evidence, testimony was presented regarding Kier's presence and unusual behavior near the site of the burglary shortly before it took place.

Moreover, Barnett took the stand at his trial and offered an explanation, corroborated by the testimony of another witness, as to how he could have innocently left his fingerprints at the scene of the crime. *Barnett*, supra, 153 Ga. App. at 431 (2). Kier, in contrast, never took the stand and never offered an explanation as to how the print could have been impressed at any time other than during the

burglary. Instead, he relies entirely upon testimony elicited from the victim during cross-examination that Kier had "probably" come by his place of business during the day on some unidentified earlier occasion. Kier's argument that this testimony supplies an innocent explanation for the presence of his palm print is without merit. The door on which Kier's print was found was not shown to be one ordinarily used by customers during regular business hours; the only evidence elicited was that it was a side door to a storage building on the victim's property.[1] No evidence was presented that Kier entered that building or used the side door on any other occasion. Finally, Kier's palm print was not found on the door handle, but on the outside of the door above the handle and in the damaged area caused by the forcible opening of the door during the burglary.

When viewed in the light most favorable to the verdict, ample evidence was presented to enable a rational trier of fact to find that Kier was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MARCH 13, 1996.

*Closson & Bass, J. Michael Bass*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.