A96A0394. JOHNSON v. THE STATE.
(471 SE2d 58)

MCMURRAY, Presiding Judge.

Defendant was charged in an indictment with two counts of violating the Georgia Controlled Substances Act in that he did "possess [cocaine] with intent to distribute. . . ." After defendant showed a large amount of "cocaine . . . in a black bag . . ." to a police confidential informant in his motel room, police "secured" the scene by proceeding to break down the door with a battering ram when the door just opened and the defendant came out. Defendant was forcibly detained while a search warrant was obtained. Detectives conducted a protective sweep, and Sergeant Michael F. Volk found a large "black suitcase type object in the bathtub. . . . [I]t was opened. There was a brick shaped object which was wrapped in brown plastic tape[, which in Sergeant Volk's experience in narcotics investigations,] is the type of package a kilo of cocaine is in." During the subsequent investigative search conducted pursuant to a warrant, this black bag containing the kilogram of cocaine was seized. Forensic analysis showed that it was "80 percent pure cocaine."

Defendant moved to suppress evidence seized from his motel room on the ground that "the correct procedures for effectuating searches were not duly followed." After a hearing, this motion was denied. The jury found him guilty of violating the Georgia Controlled Substances Act (possession of cocaine with intent to distribute) and also of "Conspiracy to Commit Trafficking in Cocaine." His motion for new trial was denied, and this appeal followed. *Held*:

In his sole enumeration of error, defendant contends the trial

court erred in denying his motion to suppress the contraband found in his motel room during a search conducted pursuant to a warrant. He argues that a prior warrantless search of his room tainted the application for a warrant to search that motel room. In its brief, the State "concedes that the initial entry was unlawful," but argues that the evidence seized during the subsequent search is admissible under the "independent source" doctrine. We agree.

"Even if the original entry were illegal, that would not require the suppression of drugs found during the search incident to the warrant, [if] the probable cause for the warrant contained no information from the entry into the [motel room] and the evidence sought to be suppressed was seized pursuant to [that] warrant. *Murray v. United States*, [487 U. S. 533 (108 SC 2529, 101 LE2d 472) (1988)]; *Sequra v. United States*, 468 U. S. 796 (104 SC 3380, 82 LE2d 599) (1984); *Mack v. State*, 189 Ga. App. 261, 262 (1) (375 SE2d 458) (1988); see *Ehrlich v. State*, 189 Ga. App. 294, 295 (375 SE2d 272) (1988)." *Anderson v. State*, 193 Ga. App. 6, 7 (2), 8 (387 SE2d 148). In the case sub judice, the evidence supports the trial court's determination that the issuance of the warrant was supported by ample probable cause to believe that defendant had cocaine for sale in his motel room. This proof was supplied by the confidential informant before the police attempted to "secure" the scene by breaking down the door. Thus, probable cause was established independently of any facts revealed by the unlawful entry into defendant's motel room. Consequently, the denial of defendant's motion to suppress was correct.

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED MAY 3, 1996 —

*Emerson Carey, Jr., Cathy M. Alterman*, for appellant.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Robert E. Statham III, Tamar P. Stern, Assistant District Attorneys*, for appellee.