## A03A2500. FILIX v. THE STATE.
(591 SE2d 468)

JOHNSON, Presiding Judge.

A jury found Rashawn Filix guilty of armed robbery. The trial judge sentenced Filix to serve 20 years in confinement. Filix moved for a new trial, but the trial court denied the motion. Filix appeals, challenging the sufficiency of the evidence supporting the guilty verdict and the denial of his motion to suppress evidence. The challenges are without merit, and we therefore affirm Filix's conviction.

1. On appeal from a criminal conviction, this court views the evidence in the light most favorable to support the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We neither weigh the evidence nor determine witness credibility, but determine only if there is sufficient evidence from which a rational trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt.[2]

The evidence in the instant case, viewed in favor of the verdict, shows that on April 2, 1998, a young man entered a shoe store in Austell and began looking at boots. He twice spoke to the store manager about the boots the store had in stock, and then left the store. A few minutes later, he returned, picked out a pair of boots, and approached the cash register with the boots. As the store manager examined the boots, the man handed her a note. Before she could read it, another store employee entered the store, and the man took back the note, stating he was going to get another pair of boots.

After the other employee left the store, the man returned to the register with another pair of boots. He again handed the manager the note, which stated: "I have a gun. Please put money in box. Thankx [sic]." The manager then saw that the man had a gun pointed at her midsection. She gave the man the $61 that was in the register, and he ordered her to walk toward the back of the store. As she did so, the man left the store.

The manager then called the police, and a short time later officers arrived at the store. The manager told the police that the robber was a young black male who was 5′ 6″ to 5′ 7″ tall, weighed about 160 pounds, and was wearing a blue shirt and baggy black jeans. While investigating the scene, officers discovered fingerprints on the note that the robber had given to the manager.

A subsequent investigation of law enforcement fingerprint records revealed that the fingerprints on the note match Filix's fingerprints. The record of Filix's fingerprints further revealed that he is a 5′ 7″ black male weighing 155 pounds, and that as of the robbery

---

[1] *Howard v. State*, 262 Ga. App. 198, 199 (1) (585 SE2d 164) (2003).
[2] Id.

date he was 24 years old. Filix was later found to be wearing a pair of baggy, dark blue jeans similar to those described by the store manager.

In arguing that the state's evidence is insufficient, Filix cites the rule that where fingerprint evidence is the sole evidence connecting a defendant with a crime, the state must prove to the exclusion of every reasonable hypothesis that the fingerprints could have been impressed only at the time the crime was committed.[3] This rule, however, applies only to a conviction based solely on fingerprint evidence.[4] Contrary to Filix's argument, his conviction is not based solely on the fingerprints. The fingerprint evidence here was corroborated by the additional evidence that Filix's appearance is virtually an identical match of the victim's physical description of the armed robber and that he was found wearing pants similar to those worn by the robber.[5]

Moreover, "[w]here there is no evidence explaining how a defendant's fingerprints came to be at a crime scene, the jury may conclude that the only reasonable explanation for their existence is that they were impressed there during the commission of the crime."[6] Here, Filix has offered no explanation of how his fingerprints came to be on the note used during the robbery.[7] Having reviewed all the evidence, we conclude that there is sufficient evidence to support the jury's finding that Filix is guilty beyond a reasonable doubt of armed robbery.[8]

2. Filix contends that the trial court should have suppressed the blue jeans that were seized from him because the police obtained them while he was being illegally detained in jail on a charge unrelated to the instant armed robbery. The contention is without merit because the jeans were seized pursuant to a valid search warrant based on evidence from the armed robbery that was unrelated to any illegal detention.

The record establishes that a Cobb County police officer investigating the armed robbery initially focused on Filix as a suspect when it was determined that his fingerprints were on the note used in the robbery. Six days after the robbery, on April 8, 1998, the officer discovered that Filix had been arrested and was being held in the DeKalb County jail on a charge unrelated to the armed robbery. At

---

[3] *Rivers v. State*, 271 Ga. 115, 116 (1) (516 SE2d 525) (1999).
[4] *Kier v. State*, 220 Ga. App. 649, 650 (469 SE2d 851) (1996).
[5] See *Hamilton v. State*, 205 Ga. App. 422, 424 (3) (422 SE2d 263) (1992) (conviction not based solely on fingerprint evidence).
[6] (Citation omitted.) *Rivers*, supra at 117.
[7] Id.
[8] OCGA § 16-8-41 (person commits armed robbery when, with intent to commit theft, he takes property of another from person of another by use of an offensive weapon).

that point, the officer applied for a search warrant to look for the shirt and jeans described by the robbery victim.

In his affidavit applying for the search warrant, the officer noted that Filix was being held at the DeKalb County jail, he gave the physical description of the robber given by the victim, and he stated that Filix's fingerprints had been found on the note used in the armed robbery. A magistrate court judge granted the application and issued a search warrant for the clothes. The officer then went to the jail and executed the warrant, seizing the jeans that Filix was wearing because they were similar to the jeans described by the armed robbery victim.

Approximately seven months later, on November 18, 1998, a superior court judge in DeKalb County ruled on a motion to suppress that Filix had filed in his case unrelated to the Cobb County armed robbery. In that DeKalb case, the judge granted Filix's motion to suppress, finding that he had been improperly arrested for giving a false name because the arresting officer lacked articulable suspicion that Filix was engaged in criminal activity when he first approached and questioned him.

Contrary to Filix's reasoning, the fact that a trial court in another county found his arrest on charges unrelated to the instant armed robbery to be illegal does not render evidence seized pursuant to a valid search warrant in the current case inadmissible. This case is similar to *Roddy v. State*,[9] which also involved a valid search warrant obtained after an illegal arrest. As in *Roddy*, no information obtained as a result of the illegal DeKalb County arrest was used by the Cobb County officer to obtain the search warrant for Filix's clothes.[10] Instead, the search warrant was obtained on the basis of information gathered during the armed robbery investigation, i.e., the victim's description of the robber and the fingerprint evidence identifying Filix. Even though a trial court ruled that Filix's giving a false name arrest was unlawful, that would not require the suppression of evidence found during the execution of a search warrant for the unrelated armed robbery since the probable cause for the warrant was not based on information from the arrest.[11] Accordingly, the trial court here did not err in denying Filix's motion to suppress evidence of the lawfully seized jeans.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[9] 205 Ga. App. 407 (422 SE2d 271) (1992).

[10] Id. at 408 (2).

[11] Id.

DECIDED DECEMBER 5, 2003.

*Clarke & Anderson, James S. Anderson,* for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney,* for appellee.