## A08A1023. PRATHER v. THE STATE.

(667 SE2d 113)

MILLER, Judge.

A Clayton County jury found Karem Lateef Prather guilty of possession of more than an ounce of marijuana. On appeal, Prather claims that the evidence was insufficient to support the verdict, and that the trial court committed reversible error by failing to instruct the jury on equal access. For the reasons set forth below, we disagree and affirm.

On appeal from a criminal conviction, we

view[ ] the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility but only determine whether under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979),] the evidence is sufficient to support a verdict of guilt.

(Footnotes omitted.) *Reyes v. State*, 250 Ga. App. 769, 770 (552 SE2d 918) (2001).

So viewed, the evidence shows that police received information that people were "hanging around" outside a house, selling drugs. Clayton County sheriff's officers went to the scene to investigate. A car was parked in the driveway of the house, with the engine running and two persons seated inside. One of the officers asked the car's driver, Prather, to take the keys out of the ignition and step out of the vehicle.

Prather informed the officer that the car belonged to his cousin, Trina Jinks, and that he had been driving the car for about a week. Prather also told the officer that he was giving the passenger in his car a ride to the restroom. Prather consented to a search of the car, and police found a shoe box in the back seat filled with approximately a pound and a half of marijuana. Prather was arrested and charged with possession of more than one ounce of marijuana. At trial, Prather denied knowing that there was a shoe box containing marijuana in the car.

1. Prather claims that the evidence was insufficient to support his conviction for possession of marijuana because the State failed to demonstrate that he was in knowing, intentional possession of the contents of the shoe box, and because the evidence pointed equally to Jinks and his passenger as possessors of the contraband. We disagree.

> Possession may be either actual or constructive. Constructive possession exists where a person though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing.

(Citations and punctuation omitted.) *Jackson v. State*, 284 Ga. App. 619, 620 (1) (644 SE2d 491) (2007). Further, "a finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." (Citation and punctuation omitted.) *Turner v. State*, 276 Ga. App. 381, 383 (623 SE2d 216) (2005).

"[W]hen [a] constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006). See OCGA § 24-4-6. However, "[t]o warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Citation and punctuation omitted; emphasis in original.) *Jackson*, supra, 284 Ga. App. at 620 (1). "[T]he term 'hypothesis' refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life." (Citation and punctuation omitted.) *Smith v. State*, 197 Ga. App. 609, 611 (398 SE2d 858) (1990).

Contrary to Prather's initial assertion to police that he had been driving his cousin's car for only a week, he later admitted to having the car for about three months. Jinks testified that she had delivered her car to Prather to have some work done because it "just wasn't driving right," and that Prather had the car "a couple of months." Prather also testified that he had previously taken everything out of the car that could be stolen, leaving only the "face to the radio." Accordingly, Prather was connected to the marijuana not only by its spatial proximity to him at the time of his arrest, but by evidence of his control over the car for an extended period of time and his intent to control the contents of the car. See *Coleman v. State*, 229 Ga. App. 642, 644 (494 SE2d 549) (1997) (evidence sufficient to show possession where defendant, as borrower of the car, had control over the vehicle, and as the driver he had control over the dashboard where contraband was found). "As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact." (Punctuation and

footnote omitted.) *Wright v. State*, 279 Ga. App. 299 (1) (630 SE2d 774) (2006).

While the evidence of Prather's constructive possession of the marijuana was circumstantial, it was sufficient to exclude every other reasonable hypothesis other than Prather's guilt. Although Jinks had been in previous possession of the vehicle, she testified that there was no marijuana in the car when she delivered it to Prather. Accordingly, the jury was entitled to find that the proved facts excluded the possibility that Jinks left the marijuana on the back seat where it had gone unnoticed for several months.

The evidence also entitled the jury to exclude as a reasonable hypothesis that the marijuana belonged to the car's passenger. The passenger testified that she was standing on the porch of the house when Prather, whom she did not know at the time, pulled up. She explained that, because the bathroom in the house was not working, "[Prather] said he'd take me to the bathroom and I walked over to the car and opened the door and sat down and that's when the police came up." Prather's testimony was consistent with the passenger's testimony. The evidence does not suggest, beyond the realm of a bare possibility, that Prather's passenger, who was getting a ride for the sole purpose of using the bathroom and got into the car in Prather's presence, placed the shoe box in the back seat without his knowledge.

Prather also testified that the car could have been accessed by unknown persons. According to Prather, after Jinks delivered the car he performed a minor tune-up, but the car required additional work requiring heavy machinery. Prather claimed that he left the car out on the street with the understanding that a mechanic would take the vehicle and perform the additional work. The mechanic never came for the car, which, Prather testified, he left unlocked on the street for two days, with the keys inside. Prather stated that on the day of his arrest he found his cousin's car still on the street, so he drove it a short distance to the house "where the guys hang out." Thus, according to Prather, "I don't know what was going on with [the car] as far as I don't know who might have put the drugs in there because like I said the doors were unlocked."

On cross-examination, however, Prather admitted that he never talked to the purported mechanic, known only as "Red," that he did not have a telephone number to contact Red, and that he did not personally know Red, but that neighbors were supposed to relay the relevant information to Red "once he went over there and seen the car." The jury was not required to accept as a reasonable hypothesis that Prather left the car for two days on the side of the road, unlocked and with the keys in it, waiting to be picked up by a mechanic known only as "Red," and that during that time some

unknown person entered the car and deposited the marijuana inside. See, e.g., *O'Bear v. State*, 156 Ga. App. 100, 101 (1) (274 SE2d 54) (1980) (the determination of what is a reasonable hypothesis is a question for the trier of fact).

In light of the foregoing, the evidence was sufficient to exclude every other reasonable hypothesis other than Prather's knowing control over the marijuana, including that the marijuana had been placed in the back seat by someone other than Prather, where it remained undiscovered by Prather until the time of his arrest. See *Townsend v. State*, 253 Ga. App. 316, 317 (558 SE2d 849) (2002) ("[i]f there is evidence allowing the jury to conclude that another party with access did not place the drugs in the vehicle [owned by the defendant], . . . the jury may conclude that the only reasonable hypothesis is that the defendant possessed the drugs"). Compare *Mackey v. State*, 234 Ga. App. 554, 554-555 (507 SE2d 482) (1998) (evidence insufficient to convict defendant driver of possession of cocaine where, although police found a gram of cocaine in the defendant's car, evidence showed the defendant's brother borrowed the car earlier that day, the defendant had agreed to drive two people home that evening, and his car was pulled over by police as he was letting the second passenger out of the car). Accordingly, we conclude that the evidence was sufficient for a rational trier of fact to find Prather guilty beyond a reasonable doubt of possession of marijuana. See *Jackson v. Virginia*, supra.

2. Prather also claims that the trial court committed reversible error by failing to charge the jury on equal access. We disagree.

The equal access rule, as applicable here, is

> that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Citation omitted.) *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004). Prather did not make a written request to charge on equal access, but contends that it was his sole defense. "The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge." *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

"Equal access is merely a defense available to the accused to whom a presumption of possession flows." (Citation omitted.) *State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006). The trial court

did not charge the jury that they could presume that contraband was in the exclusive possession of an automobile's owner or driver. Thus, even if the evidence authorized a presumption charge, "none was given. . . . Accordingly, no presumption arose." Id. at 513. It follows that an equal access charge was neither required nor appropriate as a charge on Prather's "sole defense," and the trial court did not err in failing to give it. See *Doyal v. State*, 287 Ga. App. 667, 672 (8) (653 SE2d 52) (2007); *Lance v. State*, 191 Ga. App. 701, 703 (2) (382 SE2d 726) (1989) ("when the trial judge elects not to charge the court on the presumption of possession, an equal access instruction is not required").

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 15, 2008.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Dawn Belisle-Skinner, Assistant District Attorney*, for appellee.